## STATE ex rel. CAIN et al. v. TOOMEY et al.

Where the sufficiency of the petition praying an election to determine whether the sale of intoxicating liquors shall be licensed can be questioned after election and an insufficient petition renders the election void, prohibition is the proper procedure to prevent municipal officers from licensing the sale of liquor under an election void because of an insufficient petition, for there is no other plan, speedy, or adequate remedy at law, and prohibition under Code Civ. Proc. §§ 777, 778, is proper to restrain unauthorized acts, etc.

Under Laws 1903, c. 166, which provides that the petition calling for a vote upon the question of licensing the sale of intoxicating liquors within a municipality must be signed by 25 freeholder voters of such municipality, one who is a voter of such city and owns a freehold in the county is not a competent signer.

Under Laws 1903, c. 166, which provides that the petition for a vote to determine whether the sale of intoxicating liquors shall be licensed within a municipality must be signed by 25 freeholder voters of such municipality, a voter whose wife is the owner of a homestead is not a competent signer, for a freeholder is one who has title to the property and not simply a contingent or expectant estate or right of occupancy or privilege with power to prevent alienation.

(Opinion filed January 25, 1911.)

Appeal from Lawrence County Court.    Hon. W. G. RICE, Judge.

Prohibition by the State, on the relation of J. D. Cain and others, against Daniel J. Toomey and others, members of the City Council, and W. R. Irwin, City Auditor of the City of Spearfish. From a judgment denying the writ, plaintiffs appeal, and defendants prosecute a cross-appeal. Reversed, with directions.

*M. H. Eustace* and *W. E. Benedict,* for appellants.

The holder of a mere homestead right is not the holder of an "estate," but only the recipient of a privilege or license granted by statute. Black v. Curran, (U. S.) 14 Wall. 463; Ellinger v. Thomas, 67 Pac. 529; Thomas v. Tulford, 23 S. E. 635, 117 N. C. 667; Andover v. Merrimack County, 37 N. H. 434; Tidd v. Quin, 52 N. H. 341; Eaton v. Robin, 29 Minn. 327, 13 N. W. 143; Knudson v. Hamberg, 8 Utah, 203; Hamilton v. Village of Detroit, 85 Minn. 83; Sayers v. Childers, 84 N. W. 938, 112 Iowa, 177. The owner of a homestead right is not a freeholder. Campbell v. Moran, 99 N. W. 498; Tiffany, Vol. 2, Sec. 499.

*W. S. Elder, Hayes & Heffron* and *R. F. Crawford,* for respondents.

The husband's interest in a homestead, the record title to which is in his wife's name, is a sufficient estate to constitute him a freeholder under the laws of this state.   Probate Code, Sec. 153; Pol. Code, Sec. 3217, 3219; Civil Code, Sec. 245; Salisbury v. Murphy, 88 N. W. 764; Cummings v. Hyatt, 74 N. W. 411; Hughes v. Milligan, 22 Pac. 313.

WHITING, J.   This action was brought to prevent, by writ of prohibition, the defendants, as city officers of the city of Spearfish, from granting licenses for the sale of intoxicating liquors during the year commencing July 1, 1910.   The court made findings of fact and conclusions of law, and in harmony with such conclusions rendered judgment denying the writ asked for.   The plaintiffs appealed, and the defendants, being dissatisfied with certain rulings made and one conclusion of law found by the court, have come into this court by cross-appeal, and sought review of the said rulings and conclusions.

Only three questions are presented for our consideration:  (1) Is prohibition the proper remedy?  (2) Is a man a freeholder who lives with his wife upon their homestead property, the title to which is in his wife's name?  (3) Must a man, in order to be qualified to sign a petition asking that the question of sale of intoxicating liquors be submitted to the voters, be a freeholder owning land within the municipality wherein the question is to be submitted, or is it sufficient if he is the owner of a freehold interest in land without the limits of such municipality?,

This action was brought after the election had been held, at which election the majority of the electors of Spearfish voted in favor of the sale of intoxicating liquors, after applications for licenses had been filed, and notices of time and place for hearing such applications had been published, but before the time for final action upon such applications.   The trial court held that prohibition to prevent the granting of permits was a proper remedy.   It was conceded by the officers of the city upon oral argument in this court that it is not too late, after election held, to question the

sufficiency of the petition praying for such election, and that, if there was not a petition having sufficient qualified signers, the election was void, and should be so held if the question is presented to the court by proper proceedings. Under such concession, the election, if based upon an insufficient petition, must be held of no effect leaving it as if no election had been held, thus bringing this cause exactly in line with the facts in State ex rel. Crothers v. Barber et al., 19 S. D. 1, 101 N. W. 1078, wherein this court affirmed the judgment of the trial court granting a writ of prohibition. It is claimed, however, that the question, whether prohibition was the proper remedy, was not decided in that cause, as it does not appear from the opinion of the court that it was presented. An examination of the briefs filed in such cause shows that this question was raised and very fully discussed by both sides, and therefore was before this court, and must have been considered and determined, though the opinion is silent thereon. This cause was brought to arrest the proceedings of the municipal officers, which proceedings were without the jurisdiction of such officers, if there had not been a valid election; and there was no plain, speedy, and adquate remedy in the ordinary course of law. These facts and circumstances would bring this cause directly under the provisions of sections 777 and 778 of the Revised Code of Civil Procedure, providing the purpose of the writ of prohibition and under what circumstances it may issue.

The statutes of this state require that the petition calling for a vote upon the question of granting permits to sell intoxicating liquors be "signed by twenty-five legal freeholder voters of such * * * city." Chapter 166, Laws 1903. The petition calling for the election in question was signed by 27 voters of Spearfish, 24 of whom are conceded to be freeholders, but it is also conceded that there were not 25 competent signers, unless a voter, living with his wife upon the family homestead the title to which stands in her name, is a freeholder, or unless a person who is concededly an owner of a freehold interest in lands outside of the city of Spearfish, but within the county of Lawrence (wherein Spearfish is situate) is a qualified signer of such petition. The trial court

held that the petitioner must be the owner of a freehold interest in land situate in Spearfish; but held that the occupant of a homestead the title to which was in his wife's name was a freeholder. We think the trial court was clearly right in holding that a signer of the petition must be possessed of a freehold interest in land situate in Spearfish. The words used in the statute permit of no other construction. The party must be a "freeholder voter of such city." The word "freeholder" is as much limited and restricted by the word "city" as is the word "voter." If the word "voters" were omitted from the statute, no one would question but that then the party signing must be the owner of a freehold interest in land in the city. The petitioner must be a freeholder "of the city," as well as a voter "of the city." If the Legislature had intended other than the obvious meaning of these words as used, they could have readily and clearly expressed themselves. Before the law of 1903, supra, a petitioner need merely be a voter, and it is clearly evident that it was the intent of the Legislature to so change the law that the signers to such petitions would be voters having a financial interest in the welfare of the city such as might influence them for or against signing such petition. Our intoxicating liquor law in its present form absolutely ignores the rights of a voter resident outside of a city to any part in the determination of the license question in such city, and yet from the financial point of view the interest of a freeholder living and owning property outside of the city is exactly the same as that of the voter living within the city but whose property lies without the city. The idea that a signer of such petition may be a freeholder anywhere in the state or in the county is absolutely repugnant to the spirit of the whole law.

We think the trial court erred in holding that a husband has a freehold interest in the homestead owned by his wife. Under our statute, only estates of inheritance and for life are called freehold estates. The only possible claim that can be made is that the right of the husband in the homestead of the wife is a life estate. It must be borne in mind that we are not considering that right or estate that vests in the spouse upon the death of the

owner of the homestead, but simply the nature of the rights of the spouse before death of the owner. There is not a syllable in any statute of the state referring to the spouse of such "owner." The statute, while providing that in case of sale the owner and spouse must unite in execution of instrument of conveyance, provides that this is unnecessary where the spouse is not a resident of this state, and, furthermore, provides that, where the spouse is insane, the probate court may grant an order authorizing conveyance without signature of spouse. Certainly if the spouse had an estate in the property, nothing short of a conveyance in the name of the insane spouse by a properly qualified representative would be effective. It seems very clear to us that the statute in no manner changes or lessens the title held by the so termed "owner," but simply imposes upon the property a charge or trust, analogous to an incumbrance, imposed for the benefit of the spouse and conditioned upon the existence of certain facts, such as that the spouse is a resident of the state; that, to protect and secure this charge or trust, the statute affects the homestead property with a quality different and distinct from other property, in that it is rendered exempt from execution or other process for payment of debts of owner, and cannot be sold, under ordinary circumstances, without the spouse joining in conveyance. If our law required the spouse's signature to a deed conveying all real estate owned by a married person, that fact would not give to such spouse any estate in such property, any more than it would give to the state an estate in real property, if a statute required a conveyance to be consented to or ordered by a court. The fact that a homestead is exempt from levy does not constitute the spouse a holder of an estate therein, any more than he or she would be the holder of an estate or title to exempt personal property. That a spouse has under the law a right to occupy the homestead during coverture conveys no more estate in such homestead than does the inherent right of the infant child to occupy the home of the parent give to the child an estate in such home. The continuance of the charge or quality imposed by the statute upon the homestead is not subject to conveyance separate from the estate of the owner, but is subject to destruction

by the act of the party for whose benefit it is imposed, by an act inconsistent with the nature of the charge or quality, such as desertion of the spouse, departure from the state, etc.

In support of the views above expressed, we would cite the cases of Thomas v. Fulford, 117 N. C. 661, 23 S. E. 635, and Campbell v. Moran, 71 Neb. 615, 99 N. W. 498; the latter case being directly in point and giving an exhaustive treatment of the question now before us. The space required would not justify our quoting freely from this opinion, but it seems to us that the following words concerning what is necessary to constitute a person a freeholder sums the matter up in a sentence: "What is required is title to the property, and not simply a contingent or an expectant estate, or a right of occupancy, or a privilege, with power to prevent alienation or incumbrance by the holder of the legal title." There were therefore not 25 "freeholder voters" of Spearfish who signed the petition asking for the election. There existed no authority to call the election, and the trial court should have prohibited the issuance of licenses to sell liquors during the year ending June 30, 1911.

The judgment of the trial court is reversed, and it is directed to issue the writ prayed for by the appellants.