STATE ex rel. COOK, Respondent, v. BOARD OF COMM'RS. TRIPP COUNTY, Appellant.

(137 N. W. 354.)

1. **Appeal — Dismissal of Appeal — Motion to Dismiss — Supreme Court Rules.**

No written notice of motion to dismiss the appeal to this court having been served or filed, pursuant to Rule 22, providing that all motions shall be heard on motion days provided by Rule 17, a purported motion to dismiss appeal and to strike case from calendar, made in respondent's brief and not otherwise, is not authorized by law or such rules.

2. **Certiorari—Liquor License Election—Remedy by Contest.**

The right of a citizen to contest an election called and conducted by county commissioners, on question of licensing sale of intoxicating liquors within a city, is not a plain, speedy and adequate remedy at law, so as to preclude his right to review the proceedings by certiorari under Sec. 754, Code Civ. Proc.

3. **Certiorari—Appeal as Remedy—Liquor Election.**

Where relator, on certiorari, denies the authority of county commissioners to order a liquor election in connection with the first election of city officers on the organization of a city, because they were, under the circumstances, without power or authority to receive or act upon a petition for, or to order such election within said city, his right to resort to certiorari is not defeated because of the remedy to a "party aggrieved" of an appeal to the circuit court from "all decisions of the board of county commissioners upon matters before them;" as such appeal would not afford a plain, speedy and adequate remedy within the meaning of Sec. 754, Code Civ. Proc., concerning certiorari, even if the right to such appeal were not

in doubt.   As to whether such right of appeal exists upon the facts in this case, quere.

4.  **Review on Appeal from County Commissioners—Administrative Acts—Certiorari—Liquor Election.**

The submission of question of sale of liquor, being a purely administrative act of county commissioners, no appeal to circuit court to review such act lies therefrom; Waterworks v. Hughes County, 5 S. D. 145; State ex rel. v. County Commissioners, 1 S. D. 292, followed; and held, that certiorari is the proper proceeding to review question of jurisdiction of county board and county auditor to receive and file petition for, and to call such election.

5.  **Incorporation of Cities — County Commissioners' Orders — Sale of Liquors Not Germane.**

Sections 1410, 1411, Pol. Code, pertaining, respectively, to organization of cities, and election of officers therefor, limit the authority of county commissioners to those specific purposes, and do not empower them to require submission, at such election, of question of sale of liquor within the city limits.

6.  **Appeal on Certiorari—"Party Aggrieved"—"Adverse Party"— Party for Purpose of Appeal.**

Code Civ. Proc., Sec. 783, governs appeals to this court in certiorari proceedings, expect so far as inconsistent; and as under Sections 460 and 462 a final order affecting a substantial right, made in special proceeding, is reviewable; held, that the "adverse party" under Sec. 752 concerning special proceedings embraces any person whose personal or property rights may be adversely affected by the judgment or final relief sought in certiorari, as well as the tribunal or officer whose official acts are challenged; and third persons, not nominally parties but declared against in the petition for certiorari, involving cancellation of liquor licenses issued to them, are "adverse parties," and also "parties aggrieved," and entitled to such appeal, where they have appeared by counsel in the certiorari proceedings and moved concerning their rights adversely affected.

7.  **Certiorari—Party Beneficially Interested—Treated as Party— Question on Appeal.**

The question that relator was not beneficially interested not having been raised in court below, but for first time in this court, relator having been treated on proceedings below as a party beneficially interested, appellant can not now say he was not.

8.  **Certiorari—Right to Sue—Objections to Unamendable Matters**

Objections in trial court that the writ was "improvidently issued in the first instance" and "was issued contrary to law"

were only available to reach matters not curable by amend-
ment or otherwise, and were insufficient to raise, for the first
time, on appeal, relator's right to sue in that he was not
beneficially interested, the record being silent as to whether
he was a party to, or appeared in the proceeding below.

9.  **Intoxicating Liquors—Wrongful Issuance—Jurisdiction to Can-
     cel License.**
     On writ of certiorari involving review of order for liquor
     election and cancellation of licenses, the licensees having ap-
     peared and become parties, and the court below having held
     the election void; **held,** the trial court committed no error in
     revoking and annulling the licenses.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Tripp County. Hon. WILLIAM
WILLIAMSON, Judge.

Certiorari by the State, on relation of S. B. Cook, against the
Board of County Commissioners of Tripp County and others, to
review the action of the board in submitting to voters of the in-
corporated city of Winner the question of sale of intoxicating
liquors. From a judgment for relator, defendants appeal. Af-
firmed

*F. C. O'Hollaren,* State's Attorney, *W. J. Hooper, Patterson
& Olmstead, (Windsor Doherty,* of Counsel), for Appellants.

1.  Did the board of county commissioners exceed
its jurisdiction in submitting the license question to a vote in the
city of Winner, and in approving the saloon bonds of Guy D.
Sleezer, Joe Koch and F. C. Thomas? and

2.  If said board exceeded its jurisdiction in these matters, is
a writ of certiorari the proper remedy?

Judisdiction of county commissioners.

Plaintiff contends that the defendants as county commissioners
exceeded their jurisdiction both, in ordering the vote in question
and also in accepting and approving the liquor bonds of the saloon
keepers.

We contend that under Article 26, Pol. Code, are conferred
all the rights upon the county commissioners and the county
auditor, which is its clerk, that is conferred by law upon the
board of trustees and clerk of any town, as contemplated in
Section 1408 of Article 26, above referred to; and under Section

1412 of the same article, to receive petitions and to do all the acts necessary to carry out the rights and privileges under the law of the citizens of a community, that could be done by the officers of such towns as are referred to under Section 1409 of that article.

Under Rev. Code Civ. Proc. § 754, plaintiff was afforded a plain, speedy and adequate remedy by the provisions of the statutes relating to election contests. Rev. Pol. Code, §§ 1988 and 2000. Treat v. Morris, 127 N. W. 55, 25 S. D. 615.

Another feature, is the question as to whether the election held for the purpose of electing the officers at the first election held within the city of Winner, the same being held on the day fixed by law for the holding of annual elections in cities of this class, is a general election, under the code. We contend that it is. The fact that it is held under the general law of the state and is the only election that could have been held that year for the election of city officers is, to all intents and purposes a general election. Deal et al. v. Board of County Commissioners of Logan County, 26 Pac. 167 (Idaho).

Section 2856, Pol. Code, states that at the annual municipal election for "general municipal purposes," a petition of twenty-five legal free holder voters be filed 30 days before such election, with the clerk or auditor of such city. Under the statutes for the holding of the election, which we contend is a general election for general municipal purposes, the county auditor is by law made the clerk of such city for the purpose of receiving the census required as well as the petition to the board of county commissioners requesting the incorporation of such city and for the purpose of receiving any petitions that may be presented in con nection with the incorporation of such city as is required by law.

Under sections 1410 and 1412 of Article 26 of the Political Code, unless the code be given that construction the citizens of a part of this state may not have the privileges and rights equal to all other parts of the state granted by the general laws of the state.

No other inference can legally be drawn from the reading of sections 1411, 1412, Pol. Code, than that the board of county

commissioners are. clothed with the special power and duty of sitting in the place of the corporate authorities of such city at least after the first election which is held for the purpose of voting on the question of whether such territory shall be organized as a city. After this first election is held, there being no city officers as yet, but such territory being already an organized city—if the vote is cast in favor thereof—such commissioners are clothed with the power of calling and giving notice of the first election for the purpose of electing the city officers of such city. They are also empowered to canvass all the returns of the election and they are in fact the canvassing board for such city election. They are in fact the ex-officio city council. State ex rel. Clark, Att. Gen., v. Stakee et al., 117 N. W. 129.

Relator had no writ of error or appeal nor any other plain, speedy and adequate remedy. This question has been touched on in the first part of our brief. The court will take judicial notice that the city of Winner was carved out of the civil organized township of Lamro.

*(In Reply.)*

The statute provides that the appeal may be taken by the party aggrieved. Section 440 of the Code of Civil Procedure. Who were the parties aggrieved in this case? The judgment of the court from which the appeal is taken, revoked the licenses of Sleezer, Koch and Thomas. Who else had any interest in the case? It is true that neither Sleezer, Thomas or Koch, are technically parties to the proceedings. Under Section 756 Revised Code of Civil Procedure the writ was properly directed to the board of county commissioners. State ex rel. Lindsey v. Boyden et al., 18 S. D. 379.

This does not necessarily men that the commissioners are the parties aggrieved. The saloon keepers' licenses were taken away from them and they were necessarily the parties aggrieved. What interest have the county commissioners in the matter? An application was made to the county commissioners by Sleezer, Thomas or Koch for license. The board of county commissioners as a tribunal passed on the application and approved the bonds. In order to review this action of the board, the writ of

certiorari was sued out.    Supposing a justice of the peace rendered a judgment and by means of a writ of certiorari the judgment is taken to the circuit court and reviewed.   Could the justice of the peace who is necessarily named as a party, appeal the case to the supreme court from a ruling reviewing his actions?   The case of McCarty v. Board of Supervisors of Ashland County, (Wis.) 20 N. W. 654, is in point.   See, also, Hayne on New Trial and Appeal, Vol. 2, page 1062; Re Frenwell Estate, 92 Pac. 283; Prume v. Supreme Court, 26 Pac. 617; Re Boland Estate, 55 Cal. 310.   However, it is immaterial in this case whether Sleezer, Koch and Thomas could appeal or not.   If they could not appeal, their appeal is ineffectual for any purpose, and the appeal of the county stands, and appellant's brief was served in time.

We submit that on every proposition the motion to dismiss should be denied.

Respondent has no authority to maintain these proceedings, and appellant's objection to the issuance of the writ in the first instance, and their motion to quash should have been sustained. "It is a general rule of law that the writ is not available to an individual who has no direct or particular interest in the proceedings sought to be reviewed, and who does not show that he will suffer a special injury beyond that which will affect him in common with the public or others similarly situated."   6 Cyc. 768; In re Holden v. Village Council of Lamberton, 34 N. W. 336.

The rule is thus stated in Miller v. Palermo, 12 Kansas, p. 14; State v. County Clerk of Manitowoc County, (Wis.) 16 N. W. 617; Champion v. Commissioners of Minnehaha County, 5 Dak. 416; Territory ex rel. Graves v. Cole et al, 3 Dak. 301; State ex rel. Dollard, Attorney General, v. Board of Commissioners of Hughes County, 1 S. D. 292; Welch v. Board, 23 Iowa, 199; Hunt v. Railway Co. 121 Ill. 638, 13 N. E. Rep. 176; People v. Mayor, etc., 10 Abb. Pr. 144; Davis v. Mayor, etc., 2 Duer, 663; State v. Saline Co., 51 Mo. 350; Attorney Gen. v. City of Eau Claire, 37 Wis. 400.   It follows, from what we have already said, that in our judgment, the acts complained of are of general interest to the people of the state.   6 Cyc. page 768.

The only allegation in the affidavit under which the writ of certiorari was issued to show that the relator, S. B. Cook, had any interest in the subject matter of the action is that he is an elector and taxpayer of the city of Winner, Tripp county, South Dakota. He showed no special interest in himself, which was not common to any other taxpayer of Tripp county. He showed no peculiar injury to himself by the approval of· the bonds, and the issuing of the license.

The appellants further contend that certiorari was not the proper remedy, but the remedy was by an appeal from the action of the board of county commissioners.

Section 850 of the Political Code gives the only right which the respondent, or citizens in their individual capacity, have to review proceedings of the nature which is sought to be reviewed by this writ.

Under the decisions of this court in a number of cases an appeal lies from every action of the board of county commissioners. Taubman v. The Board of County Commissioners of Aurora County; Board of County Commissioners v. Railway Company, 127 N. W. 728; In re Sorenson Drainage Ditch, 131 N. W. 300.

An appeal and not certiorari, is the proper remedy even though the board had no jurisdiction of the subject-matter. Sioux Falls National Bank v. McKee, 3 S. D., page 1.

The approving of these liquor bonds was certainly a matter of public interest, within the meaning of section 850 Political Code and gives seven taxpayers the right to appeal from a decision of the commissioners.

This remedy is plain, speedy and adequate, and therefore certiorari will not lie.

*Lauritz Miller* and *Roscoe Knodell,* for Respondent.

All that the commissioners could do was to call the special election for the purpose of electing proper city officers. When they had done this, their power was ended and they could not submit any question or proposition to a vote of said city. Section 1412 Pol. Code; Sec. 1411 Pol. Code.

The argument that the commissioners had the power in question because Section 1412 Pol. Code, calls upon them to exercise the same power given to trustees of towns by Sec. 1411, Pol. Code, where an incorporated town organizes into a city is based upon the assumption that the town trustees have such authority. This assumption, the relator contends, has no foundation in the statute.   The contention that they have no such power is doubly strengthened by the provisions of Section 2856 Pol. Code as amended by Chapter 168, Laws of 1903, and by Section 2834 Pol. Code.   State v. McIlvenna, 113 N. W. 878.

The town trustees then, not having the power to submit the question, certainly the county commissioners did not have it.

Again, the election called by the county commissioners for the election of city officers was not a "regular annual municipal election" for "general municipal purposes" within the meaning of Chapter 166, Laws of 1903.   This is true, even though the election was held on the 18th day of April, 1911, which happened to be the regular day for holding the annual municipal elections in the cities of the state for the year 1911.

That it was a special election is evidenced by the further fact that it was necessary for the county commissioners to call the election and to provide for the machinery to conduct it.   People v. Palmer, 91 Mich. 283, 51 N. W. 999; Westinghausen v. People, 44 Mich. 265, 6 N. W. 641.

The question of license cannot be submitted to a vote at any election other than the regular annual election.   Chapter 166, Laws of 1903; State v. McIlvenna, 113 N. W. 878 (S. D.).

It is only when a proper vote has been had that the county commissioners can approve saloon bonds, and where no vote has been had, or an illegal vote has been taken, there is no power to do so.   Chap. 166, Laws of 1903; Chap. 124, Laws of 1905; State ex rel. Clark v. Stakke et al., 118 N. W. 703; State ex rel. Crothers et al. v. Barber et al., 19 S. D. 1, 101 N. W. 1078. State v. McIllvenna, 113 N. W. 878; State ex rel. Cain v. Toomey et al., 129, N. W. 563.

As to the right of appeal.   Section 850 Rev. Pol. Code gives the right of appeal from the board of county commissioners "from

all decisions of the board of commissioners upon matters properly before them," by "any person aggrieved."

If the commissioners had no jurisdiction to act upon the petition or to approve the saloon bonds in question, then it is submitted that such matters were not "properly before them" and consequently no appeal would lie from such action, as it is only from decisions of the board on matters "properly before them" that appeals can be taken.

No appeal would lie from such action for the further reason that said action of the board was not judicial or even quasi judicial. Board of Commissioners v. Ry. Co., 127 N. W. 728 (S. D.); Pierre Waterworks Co. v. Hughes County, 5 Dak. 145, 37 N. W. 733; Fulkerson v. Stevens, 1 Pac. 261 (Kan.); Champion v. Board of County Commissioners, 5 Dak. 416, 41 N. W. 739

Relator could not appeal from such action for the further reason that the relator was not a person so "aggrieved" as to entitle him to the right to appeal. We contend that a person, before he can appeal from the act of the board of county commissioners, must have some interest in the matter other than his interest as a citizen.

Relator cannot invoke the appeal himself, but must find six other taxpayers to join him in a petition to the state's attorney. This is therefore not a plain, speedy and adequate remedy available to the relator.

Relator and respondent contends that he had no plain, speedy and adequate remedy by contest of the election as suggested by appellants. In the first place it is submitted that the election in question had no authority in law, and was therefore purely voluntary. Such an election is no election and is absolutely null and void. There was therefore nothing to contest and our statutes providing for a contest of elections will not apply. Stat ex rel. McGee v. Gardner, 54 N. W. 606 (S. D.); People ex rel. Fuller v. Palmer, 51 N. W. 999 (Mich.)

Again, if this election should have been contested, who would the contestant have joined as defendants. The general rule is that in contests of an election on a proposition submitted to a vote

of the people, the notice of contest should be served on the board or the official body authorized to submit such proposition to a vote. Treat v. Morris, 127 N. W. 554 (S. D.); 15 Cyc. 402.

In the present case, the board of county commissioners was not the official body authorized to submit such proposition to a vote. Chap. 166, Laws of 1903; State ex rel. Gregory v. Kittert-ing et al, 127 N. W. 733.

But such board was responsible for the election. If then, the relator had instituted a contest and served the notice upon the defendants, he would have met with the objection that the parties defendant were not the proper parties. On the other hand, if the relator had joined the city council and city auditor as defendants in such a contest, he would have been blocked by the plea that they had called no election and knew nothing of such an election and that they were not responsible for the action of the board of county commissioners, and that no action of the county commissioners could be litigated in a suit against the city council. In either case, the relator would fail in his attempted contest. This difficulty alone deprives him of the remedy by contest as a "plain, speedy and adequate remedy."

Respondent further submits that under the decision of this court in the case of State er rel. Cain v. Toomy et al, 129 N. W. 563, this writ will lie.

SMITH, J. Appeal from the circuit court of Tripp county. Certiorari from the circuit court to the board of county commissioners and county auditor to review the action of the board in submitting to the legal voters of the incorporated city of Winner the question of the sale of intoxicating liquors. The record discloses the following facts: Lamro is one of the organized townships of Tripp county. At an election called for that purpose the question of the sale of intoxicating liquors within said township was submitted to the legal voters of said township, a majority of whom voted in favor of such sale. Thereafter, a petition, plat, and census were submitted to the board of county commissioners under chapter 14, art. 26, of the Political Code, asking for the incorporation of the city of Winner; which included within its

proposed boundary lines section 20, in Lamro township. Pursuant to said petition, the question of the incorporation of the city was submitted to the voters residing within its purported limits on the 21st day of March, 1911, and a majority of the voters voted in favor of incorporation, and the city was duly declared incorporated. Pursuant to resolution of the board of county commissioners of Tripp county entered on the 23d of March, 1911, notice was given of an election to be held in the city of Winner on the 18th day of April, 1911, for the purpose of electing city officers, which contained also a further notice that at the same election the question of granting permits to sell intoxicating liquors at retail, within the corporate limits of such city, would also be submitted to the legal voters at the same election. The petition, dated March 14, 1911, purporting to be signed by 26 "legal voters of the proposed city of Winner, Tripp county, S. D.," stating that a vote was desired upon the question of granting permits to sell intoxicating liquors at retail within the corporate limits of said city of Winner, was filed in the office of the county auditor on the 16th day of March, 1911. The notice of election of officers and on sale of intoxicating liquors was signed by John J. Halligan, county auditor. An election was held pursuant to said notice, city officers were elected, and the return of the purported vote on the sale of intoxicating liquors disclosed 130 votes cast, of which 101 were for license, 27 for no license and 2 blank votes. Pursuant to this vote, the county commissioners of Tripp county granted applications and approved the bonds of three men, Sleezer, Thomas, and Koch, permitting them to sell intoxicating liquors at retail in the city of Winner. The petition for a vote on the question of the sale of intoxicating liquors was dated March 14, 1911, was filed in the office of the county auditor March 16, 1911, and the election held on the 18th day of April, 1911. Thereafter, on the 18th day of August, 1911, an application for a writ of certiorari was presented to the judge of the circuit court within and for Tripp county by the relator, S. B. Cook, a resident legal freehold voter and taxpayer of the city of Winner, demanding that a writ of certiorari issue to the end that the proceedings of the board of county commissioners in submitting the question of the sale of in-

toxicating liquors in the city of Winner be declared null and void. The county commissioners and auditor were named as defendants. Upon this petition an order to show cause was issued, returnable September 19, 1911, at which time the board and county auditor appeared by the state's attorney of Tripp county, and moved to quash the writ upon various grounds, which motion was overruled. The board and county auditor thereupon made return to the writ, certifying in full the proceedings hereinbefore stated, Thereafter, on November 1, 1911, the circuit court entered judgment declaring the action of the county commissioners and of the county auditor in submitting the question of the sale of intoxicating liquors at the election held on April 18, 1911, the vote thereon, and the accepting and approving the bonds of Sleezer, Koch, and Thomas for the sale of intoxicating liquors at retail, annulled and absolutely void and of no force or effect. The "defendants in the above-entitled action, and Guy D. Sleezer, Joe Koch, and F. C. Thomas," on November 9, 1911, served a notice of appeal, signed by the state's attorney and other counsel who also appeared for Sleezer, Koch, and Thomas, from said judgment, and served an undertaking on behalf of Sleezer, Koch, and Thomas, which was duly approved and filed. On the 15th day of November, 1911, the county commissioners and county auditor served a purported notice of appeal, but no undertaking on an appeal. On the 4th day of December, 1911, another notice of appeal signed by the same counsel as the first notice, on behalf of the same defendants, and also as attorneys for Sleezer, Koch, and Thomas, was served, accompanied by an undertaking which was approved and filed on December 5, 1911. Respondent in his brief filed January 13, 1912, "moves the court to dismiss the appeal, and to strike the same from the calendar" for failure to comply with the requirements of chapter 15, Laws of 1911, and for various other reasons indicated above in the appeal proceedings themselves.

[1] An examination of the records and files in the office of the clerk of this court discloses that no motion or notice of motion to dismiss either or any appeal has been served or filed as required by rule 22 [124 N. W. xi] of this court, and that no

such motion is now pending or has been made in this court. Motions to dismiss appeals are clearly governed by the provisions of rule 22, and the purported motion made in respondent's brief, and not otherwise, is not authorized by law or the rules of this court, and requires no further consideration. Upon the return day the defendants moved the trial court to quash the writ upon divers grounds, the one apparently chiefly relied upon in appellant's brief being that relator has other plain, speedy, and adequate remedy at law, and that the writ fails to show that the board of commissioners did not act within their jurisdiction and authority in approving the bonds of and granting permits to Thomas, Sleezer, and Koch, in that the writ fails to show that said bonds and permits were not executed under authority of the election held in Lamro township in March, 1911, at which the question of the sale of intoxicating liquors within said township was regularly submitted to the voters, a majority of whom are shown to have voted in favor of the sale. Appellant also assigns as error the portion of the judgment annulling the bonds of Sleezer, Thomas, and Koch, and further contends that the court erred in entering judgment for the plaintiff, for that the records do support the judgment. The statute provides: "A writ of certiorari may be granted by the supreme and circuit courts when inferior courts, officers, boards or tribunals · have exceeded their jurisdiction, and there is no writ of error or appeal, nor in the judgment of the court any other plain, speedy and adequate remedy." Section 754, Code of Civ. Proc. In State ex rel. v. County Commissioners, 1 S. D. 292, 46 N. W. 1127, 10 L. R. A. 588, this court held that the acts of administrative or executive officers when they have exceeded their jurisdiction may be reviewed by certiorari, where there is no writ of error or appeal, nor in the judgment of the court any other plain, speedy and adequate remedy.

[2] Appellants contend that the motion to quash the writ should have been sustained for the reasons (1) that respondent had an adequate remedy, in that he could have contested the election at which the question of the sale of intoxicating liquors within the city of Winner was submitted to the legal voters of

that city by the acts of the county commissioners and county auditor; and (2) that respondent could have appealed from the action of the board in submitting the question at said election. Almost identical questions were presented to this court upon motion to quash the writ of certiorari in the case of State ex rel. v. County Commissioners, supra. This court there said: "These remedies might and undoubtedly would be serviceable in reaching some of the results that might follow the acts complained of, but it is not perceived how any or all of them could be made available to accomplish the relief towards which this writ is directed." In that case the board of county commissioners of Hughes county attempted to establish election precincts and polling places in unorganized counties attached to Hughes county for judicial purposes only, and to appoint election judges therein. This action of the board was attacked by writ of certiorari from this court as an unwarranted and illegal assumption of power by the board of county commissioners. It was held that a contest of the purported election would not constitute a plain, speedy and adequate remedy, and that the writ would lie.

[3] The right of appeal from actions or decisions of a board of county commissioners may be doubtful under the statute, unless it appears that such action is upon matters properly within their jurisdiction. Section 850, Political Code, provides: "From all decisions of the board of commissioners upon matters properly before them there shall be allowed an appeal to the circuit court by the person aggrieved. * * *" The contention of respondent is that the submission of the question of the sale of intoxicating liquors within the city of Winner was a matter not properly before the board, and was not within their authority or jurisdiction. Respondents have not sought to challenge the election itself for irregularities, nor is the election alleged to be illegal for any reason other than that the county commissioners were without power or authority to receive or act upon a petition for, or to order the submission of the question of, the sale of intoxicating liquors within the city of Winner. It is self-evident that an appeal from the action of the board in ordering the election would constitute neither a plain, speedy, nor adequate remedy to de-

termine the single question of the authority or jurisdiction of the board of county commissioners over the matters thus in controversy, even if the right to appeal were not in doubt. It was held by the late territorial Supreme Court in Waterworks Co. v. Hughes County, 5 S. D. 145, 37 N. W. 733, that under this statute appeal would lie only when the decision of the board was upon questions which might be deemed judicial or quasi judicial, and this view of the statute was later apparently approved and adopted by this court in State ex rel. v. County Commissioners, supra.

[4] It is plain that the submission of the question of the sale of intoxicating liquors is a purely administrative act on the part of the body vested with that authority, and under the rule thus laid down such action is not reviewable upon appeal, unless expressly authorized by statute. No such appeal is provided by statute. The decision of this court in State v. Toomey, 129 N. W. 563, is instructive in this connection, although the point under discussion was not directly in issue in that case. We hold, therefore, that neither a contest of the election nor an appeal from the action of the board would afford a plain, speedy, or adequate remedy, and that certiorari is a proper proceeding to review the question of jurisdiction or authority of the board of county commissioners and the county auditor to receive and file a petition to submit the question of the sale of intoxicating liquors in the city of Winner, and to call an election for that purpose. It is appellant's contention that by statute the auditor and county commissioners are given the same power and authority that are vested in the president and board of trustees in the matter of the sale of intoxicating liquors.

[5] Section 1410 of the Political Code provides that, whenever any area or contiguous territory not exceeding four square miles shall have resident thereon a population of not less than 500 inhabitants not already included within an incorporated town or city, it may become incorporated as a city as follows: Any 50 legal voters thereof may file in the office of the county auditor a petition to the board of county commissioners, which petition shall define the boundary of the proposed city, and a prayer that the question be submitted to the legal voters residing within such

limits whether they desire to organize a city. Upon the filing of such petition the commissioners are required to fix a time and place within the boundaries of the proposed city at which an election may be held, to appoint judges for the election, and to give notice of the election. The returns of such election are to be canvassed and the result entered upon the records of the board of county commissioners. If a majority of the votes cast shall be for city organization, inhabitants in the territory described in the petition are deemed to be an incorporated city, with the name stated in the petition. When the city has become thus incorporated, the county commissioners are required to call and give notice of another election, and perform the same duties relative thereto as are "above required" to be performed by the president and trustees of a town, under the provisions of section 1411, Political Code. By section 1411 it is made the duty of the president and board of trustees of a town "to call and give notice of an election to elect city officers, and to designate the time and place or places of holding the same." The board are required to appoint judges, canvass the returns, and cause the results to be entered upon their records. The provisions of this chapter relative to the election of city officers are likewise made applicable thereto. No other or further power or authority relating to elections in cities organized under section 1410 is vested in boards of county commissioners than is vested in the president and trustees of the town under section 1411. The provisions of both sections relate exclusively to the election of city officers, and extend to no other subjects whatever. The authority conferred upon the board of county commissioners is to call and give notice of an election to elect city officers, and to fix the time and place of holding such election. The power thus conferred upon the board is special, is limited to a particular subject, and cannot be extended beyond the language of the statute itself. It is entirely clear, therefore, that county commissioners are not authorized to receive a petition for a vote on or to submit the question of the sale of intoxicating liquors at retail, within a city organized and incorporated under the provisions of section 1410 of the Pol. Code. The filing of the petition for an election on the question of the sale of intoxicating

liquors, the calling of the election, and the canvass of the vote as well as the election itself were wholly void and without authority. That portion of the judgment of the trial court canceling the approval of and revoking the bonds given by Sleezer, Koch, and Thomas as retail dealers in intoxicating liquors presents an entirely different proposition. It is respondent's contention that Sleezer, Koch, and Thomas are not parties to the record or proceedings under the writ, and for that reason cannot maintain this appeal.

[6] Section 783 of the Code of Civil Procedure makes the provisions of the Code relative to new trials and appeals applicable to certiorari proceedings except in so far as they are inconsistent with other provisions of the statute governing certiorari. Section 440, Code of Civ. Proc., provides that any judgment or any order defined in section 462 may be reviewed upon an appeal by the "party aggrieved." Section 462, C. C. P., is as follows: "The following orders when made by the court may be carried to the Supreme Court." Subdivision 2: "A final order affecting a substantial right made in special proceedings or upon a summary application in an action for judgment." An appeal therefore may be taken "by the party aggrieved" from a final order affecting a substantial right in special proceedings as in civil actions. By section 752, C. C. P., "the party prosecuting a special proceeding may be known as the plaintiff and the adverse party as defendant." Who are "adverse" parties in a special proceeding? We construe the term to embrace any person whose personal or property or other rights may be adversely affected by the operation of the judgment or the final relief sought in the proceedings as well as the court tribunal or officer whose official acts are challenged for lack or excess of jurisdiction. Switzler v. Rodman, 48 Mo. 197; Cunningham v. Porchet, 23 Tex. Civ. App. 80, 56 S. W. 574; In re Mead's Estate, 49 Pac. 5; Lawless v. Reagan, 128 Mass. 592; Fox v. West, 1 Idaho, 782; Sutton et al. v. Con. Apex Mining Co., 12 S. D. 576, 82 N. W. 188. Both the application for the writ and the writ in this proceeding demand final judgment canceling and annulling the undertakings and purported permits of Sleezer, Koch, and Thomas to engage in the business

of dealers in intoxicating liquors in the city of Winner. They were therefore "adverse" in interest to the relief demanded, and might have been named and served with process as defendants in the writ. The record discloses that on the return day the state's attorney of Tripp county appeared as attorney for defendants named in the writ, and "by request of interested parties not made defendants to have an issue raised," and filed a motion to quash the writ upon grounds named in the motion, which motion was overruled and exceptions taken. A careful examination of the entire record discloses no other person or persons save only the county commissioners, county auditor, and Sleezer, Koch, and Thomas, who were in any possible sense "interested parties not made defendants," or who would be "adverse parties" as to the relief sought by the writ. The fact that Sleezer, Koch, and Thomas were not originally named as defendants in the application for the writ or in the writ itself is not material, in view of the fact that they were named in both as persons against whom relief was sought, and might properly have been named as defendants when the proceedings were begun. It is apparent from the entire record that Sleezer, Koch, and Thomas as well as the county commissioners and county auditor were represented and appeared by the state's attorney as well as other counsel, and thereby became "adverse parties" in the action. No objection or question as to their right thus to appear in the trial court is shown in the record, if, indeed, the relator might be deemed to have any right to make such objection inasmuch as the writ itself, issued on his application, specifically named them and sought relief adverse to their interests. The further fact also appears in the record that the judgment thereafter entered was adverse to their interests. Sleezer, Koch, and Thomas thus became parties to the record before the trial court, and, a judgment adverse to them having been entered by that court, it is clear that they became "parties aggrieved," and are entitled to appeal from the judgment in so far at least as it affected their interests. Ricketson v. Compton, 23 Cal. 636; U. S. v. Armijo, 5 Wall. 444, 18 L. Ed. 492; Tattenham v. Superior Court, 155 Cal. 205, 100 Pac. 248; Phillips v. Salmon River Co., 9 Idaho, 149. 72 Pac. 886. It is said in Elliott

v. Superior Court, 144 Cal. 501, 77 Pac. 1109, 103 Am. St. Rep. 102, to be a settled rule of practice that only a party to the record can appeal. But it is held that a person aggrieved by an order or judgment may become a party to the record by moving in the court below for an order setting aside the allowance of a writ and may appeal from an order denying his motion. People v. Grant, 45 Cal. 97; Green v. Hebbard, 95 Cal. 39, 30 Pac. 202. And it is only essential in such cases that in some way his interest be made to appear by the record. Estate of Crooks, 125 Cal. 459, 58 Pac. 89; State ex rel. Graef v. Forest County, 74 Wis. 610, 43 N. W. 551. He must have taken some steps necessary to make himself a party to the record in the lower court which may be done without any special formality. Tattenham v. Superior Ct., supra. Appellant further contends that the court erred in entering judgment in favor of relator, in that neither the application for the writ nor the writ itself discloses that the relator, Cook, is a party beneficially interested, or has any right to maintain proceedings in certiorari.

[7] The question that the relator had no beneficial interest was not raised in the court below. It was raised, for the first time, in this court, by the reply brief of appellants. The relator has been treated throughout the certiorari proceedings as a party beneficially interested, and it is now too late for appellants to say that he was not.

[8] The objections made in the court below were "that said writ was improvidently issued in the first instance," and "that said writ was issued contrary to laws as shown by the record and files of this action." Such an objection was only available to reach matters which could not be cured by amendment or otherwise. The record is silent as to whether or not relator was a party to, or appeared in the proceeding sought to be reviewed. Had the question been specifically raised in the court below, at the proper time, calling relator's attention thereto, relator might have cured the objection by timely amendment. An objection which could have been removed in the trial court, if made there, cannot be urged for the first time in the appellate court. We are clearly of opinion that the trial court was right in holding that the board

of county commissioners were without jurisdiction or authority to submit the question of the sale of intoxicating liquors at retail to the legal voters of the city of Winner or to receive or act upon petition for permits to sell, and that such acts are without jurisdiction and wholly void and of no effect.

[9] We are also of opinion that the board were without authority to license or grant permits to Sleezer, Koch, and Thomas to sell intoxicating liquors at retail in the city of Winner, and, that Sleezer, Koch, and Thomas having voluntarily appeared and made themselves parties to the proceedings in the court below, that court committed no reversible or prejudicial error in revoking and annulling such permits.

The order and judgment of the trial court are therefore affirmed.