GOODER, Respondent, v. RUDD et al., Appellants.

(160 N. W. 808.)

(File No. 4041.   Opinion filed December 30, 1916.)

1. **Intoxicating Liquors—Local Option Election—Petition—Number of Free-holders, Insufficiency—"Special Election"—Statute.**

   An election for decision of question whether a liquor license is to be granted is a "special election," and statutory requirements must be strictly complied with; hence, under Laws 1913, Chap. 254, as amended by Laws 1915, Chap. 227, requiring, as a condition to the voting, that a petition signed by 25 legal voters, each of whom must own at least an acre of land in the township, a petition signed by 25 legal voters, only 18 of whom were owners of an acre of ground, was invalid, and the election held pursuant thereto was void, the officers being without jurisdiction to hold such election; and such election furnishes no authority to issue licenses or permits to sell intoxicants.

2. **Elections—Liquor License Election—Contest of Election, Whether Remedy Exclusive.**

   The proceedings for contesting elections, provided for by Pol. Code, Secs. 1988-2000, inclusive, do not constitute an exclusive remedy for attacking the election, in view of Sec. 1898, providing that the article shall not affect any remedy or rights of action provided for in Code Civ. Proc.

**3. Injunctions—Attacking Liquor License Election—Remedy at Law—Injunction as Remedy.**

Pol. Code, Secs. 1988, 1997, and 1999, 2000, inclusive, providing for election contests, and Sec. 1998, providing that the Article shall not affect any remedies or rights provided for in Code Civ. Proc., do not provide a plain, speedy and adequate remedy at law; and, where a liquor license election was invalid, because of an insufficient petition, and the election was held without authority or jurisdiction on the part of township officers, plaintiff, a citizen and taxpayer, could bring suit for an injunction restraining the township treasurer from accepting the statutory saloon license from defendants, or on the ground there had been no election authorizing such liquor sales.

**4. Elections—Liquor License Election—Petition, Sufficiency of as to Free-holders.**

A petition for a liquor license election, which recites that each of the subscribers owns legal title "to an undivided share or interest in at least one entire lot or parcel of ground * * * of the size commonly recognized as a full lot in said Orient Township" fails to show that any of the petitioners were qualified to sign the petition, in view of Laws 1913, Chap. 254, as amended by Laws 1915, Chap. 257, requiring that such petitioners must each be owner of at least an acre of ground.

Gates, J., and Smith, J., concurring specially.

Appeal from Circuit Court, Faulk County.    Hon. JOSEPH H. BOTTUM, Judge.

Suit by Albert Goodner, a taxpayer, etc., against Walter Rudd and others, as the Board of Supervisors of Faulk County, and others, to enjoin certain defendants from accepting the statutory saloon license from the defendants seeking to become licensees, and for other relief.

From a judgment cancelling license or permit issued by defendant Township Board, defendants appeal.    Affirmed.

*W. J. Jacobs,* and *E. B. Harkin,* for Appellants.

*Frank Turner,* and *F. E. Snider,* for Respondent.

(1) To point one of the opinion, Respondent cited: Cyc. Vol. 15, pp. 316-317, 319; Sioux Falls Electric Light & Power Company v. City, 21 S. D. 18, 108 N. W. 488; 10 A. & E. Ency. of Law 562; Whorton v. Barger, (S. D.) 153 N. W. 961; State v. McIlvenna, 21 S. D. 489.

(2) To point two of the opinion, Appellants cited: Pol. Code, Secs. 1988-1996; Treat v. Morris, 25 S. D. 615; Shaw v. Circuit Court, 27 S. D. 49; Marston v. Harlocker, (Ore.)

85 Pac. 331; Pomeroy on Eq. Jur., Vol. 5, Art. 333; Robinson & Watson v. Wingate, 80 S. W. 1069 (Tex.); High on Injunction, Sec. 1245; Dickey's case, 78 Ill. 261; Bismarck Water Supply Co. v. Barnes, (N. D.) 153 N. W. 454, and cases cited; 9 Ruling Case Law, 1157; Gordon v. White, 33 S. D. 234; State ex rel. Cormick v. Ramsey, (S. D.) 130 N. W. 768; 15 Cyc. 399-400; 23 Cyc. 101; Vol. 30 A. & E. Ann. Cases (1913E) p. 982.

(3) To point three of the opinion, Appellants cited: Makert v. Sumter Co., 60 Fla. 328, 53 So. 613, 1912 C. Ann. Cas. 690, and note; and see, cases cited to point two.

Appellants submitted that: If contestants after starting their election contest, had feared that prior to final determination of such election contest certain acts would have been done which would render the final determination of the contest unavailing, they could have applied to the court for an injunction until the result of the contest had been determined; and cited: Shaw v. Circuit Court Handlin County, 27 S. D. 49, 63.

15 Cyc. 397; Holmes v. Langston, (Ga.) 36 S. E. 247; Village of Morgan Park v. City of Chicago, (Ill.) 99 N. E. 388; Wells v. City of Sioux Falls, 16 S. D. 547; Spangler v. City of Mitchell, 152 N. W. 339 (S. D.); Hughes v. Hill, 30 S. D. 255; State ex rel. Crothers v. Barber, 19 S. D. 1; State ex rel. Dollard v. Board, 1 S. D. 292; State ex rel. Cain v. Toomey, 27 S. D. 37; State ex rel Cook v. Board of Commissioners, 29 S. D. 358.

POLLEY, P. J. This action was brought for the purpose of having a certain election, held in the township of Orient on the 7th day of March, 1916, declared void.

The township of Orient is a civil township in Faulk county, and has a regularly elected board of township supervisors, a clerk and a treasurer. Within the limits of said township is the platted town, or village, of Orient, having a population of about 220 inhabitants. On or about the 5th day of February, 1916, there was filed in the office of the clerk of said township a petition, requesting the board of supervisors of said township to submit to the legal voters of said township, at an election to be held on the 7th day of March, 1916, the question, "Shall intoxicating liquors be sold at retail within the corporate limits

of said Orient township?" Said petition bore the signatures of 28 signers, all legal voters residing in said township. Eighteen of said signers resided without the boundaries of the said platted town of Orient, and each owned land to the extent of one acre or more. The other 10 signers resided within the platted town of Orient, and each owned land to the extent of one full platted lot, but less than an acre in extent. Thereafter the town clerk gave the requisite notice of election, and, on the 7th day of March, a purported election was held, at which the liquor license question was submitted to the voters of said township. It is conceded that a majority of the voters of the township voted in favor of license. After the canvass of the said vote, the defendants Kelly and Bigler applied to the board of supervisors of said township for permits to sell intoxicating liquor, which said permits were granted by said board. Said defendants then filed their bonds, as required by law, with the board of county commissioners of Faulk county, which bonds were approved by said board, and said defendants paid the sum required for a county license to the treasurer of said county.

No contest of this election was instituted within the 20 days allowed by law for that purpose, or at all; but after the expiration of more than 20 days after said election this action was commenced. Upon the trial a decree was entered, adjudging the permit issue by the board of supervisors of said township to be wholly void and of no effect whatever. It also enjoined the defendant Gardner, as treasurer of said township, from receiving any license money from the defendants Kelly and Bigler and from issuing to either of them a receipt therefor.

[1] Plaintiff bases his right to the relief sought upon the sole ground that the petition, asking for a vote upon the license question, was not signed by the requisite number of qualified signers. An election to decide whether a liquor license is to be granted at a certain place is a special election (Whorton v. Bager, 36 S. D. 167, 153 N. W. 961), and the statutory requirements must be strictly complied with (Whorton v. Bager, supra; Gordon v. White, 33 S. D. 439, 145 N. W. 439; Krakowski v. Waskey, 33 S. D. 335, 145 N. W. 566; Olson v. City of Lemmon, 33 S. D. 380, 146 N. W. 592). Chapter 254, Laws of 1913, as amended by chapter 227, Laws of 1915, provides that,

before a vote can be had in a township upon the question of issuing liquor licenses, a petition, asking that such question be submitted to the voters of the township, must be filed with the clerk of such township, which said petition must be signed by 25 legal voters, each of which must be the owners of at least an acre of land in such township. As but 18 of the signers who signed the petition involved in this case were the owners of an acre of ground, the said petition did not comply with the provisions of the statute, and was therefore void for any purpose. The fact that 10 of the signers lived in the platted town or village of Orient is wholly immaterial. Said town of Orient was not incorporated, and the fact that a portion of the inhabitants of such township lived on a platted town site did not change their legal status in any manner. The entire proceeding was a township proceeding, and must be governed by the law applicable to townships. The petition, asking that a vote be taken upon the license question, is the only authority the officials of a city, town, or township have for the holding of such an election, and where there is no petition, or where the petition filed is insufficient in law (which amounts to the same thing as no petition at all), such officials are without any jurisdiction to hold such an election; and such election, if held, together with all proceedings had thereunder or pursuant thereto, are wholly void. Such an election furnishes no authority to the board of county commissioners, a city council, or a township board of supervisors to issue licenses or permits to sell intoxicating liquors.

[2, 3] But it is contended by appellants that plaintiff has not pursued the proper remedy; that the proceedings for contesting an election provided for by sections 1988-2000, inclusive, is an exclusive remedy, and, the plaintiff having failed to proceed in the manner pointed out by those sections of the statute, within the time limited therein, has precluded himself from questioning the validity of said election. With this contention we do not agree. The said statute providing for election contests not only does not purport to provide an exclusive remedy in all cases, but it appears affirmatively from section 1998 that said remedy is not exclusive. Said section reads as follows:

"This article shall not be construed to affect any of the remedies or rights of action or proceedings provided for in the Code of Civil Procedure."

[4] But the specific contention of appellant is that sections 1988-2000 afforded plaintiff a plain, speedy, and adequate remedy at law, by election contest, and by which the validity of such election might have been determined, and that, under such circumstances, plaintiff cannot legally invoke the aid of a court of equity. This conclusion does not necessarily follow. What might be the result, in this respect, in a case where the petition was upon its face sufficient to authorize the township officers to take a vote upon the question of issuing liquor licenses it is not necessary to determine, and we express no opinion thereon. The question to be determined is not merely what was the result of the election, but whether an election upon the question of issuing liquor licenses could be legally held at that time. In this case, the petition was insufficient on its face to authorize the holding of any election at all. The said petition, after reciting that the petitioners are qualified voters of the township of Orient, and that a vote is desired in said Orient township upon the question of issuing licenses, contains the following paragraph:

"The undersigned further certify, each for himself, that he owns the legal title to an undivided share or interest in at least one entire lot or parcel of ground within said Orient township, which lot or parcel of ground is of the size commonly recognized as a full lot in said Orient township as shown by the official plat of said Orient township, together with the improvements thereon; that his said interest in such lot or parcel of ground is of the assessed valuation of at least $25, as shown by the returns of the last assessment previous to the signing of this petition; that he has been such freeholder for at least one year and a qualified voter of said Orient township for at least one year prior to the 7th day of March, 1916."

From this it does not appear that any of the petitioners were qualified to sign said petition. In fact it appears, by inference at least, that none of said petitioners owned land equal to an acre in extent. The petition is therefore insufficient upon its face to authorize the holding of said election, and all parties concerned were notified thereby that there was no authority for holding the said election.

The township officials being without jurisdiction to call or hold the said election, the legal situation is the same as if no

election at all had been held. It was therefore proper for the plaintiff to proceed as though no election had in fact been held, and apply for an injunction, not for the direct purpose of declaring such election void, but for the purpose of restraining the township treasurer from accepting the statutory saloon license fee from defendants Kelly and Bigler on the ground that there had been no election authorizing such sale.

If it were a case where the regularity of the election were questioned, such as the qualification of voters or the correctness of the count, then there would be much force in appellants' contention, but in this state there is no law authorizing the officials of a city, town, or township to submit the question of granting liquor licenses to the voters, as was done in this case, until a petition is filed signed by a specified number of signers, each of whom is possessed of the qualifications specified by statute. Without this petition the officials of a municipal corporation have no more authority to submit the question of granting liquor licenses to the voters at the time of the regular municipal election than they would have to call an election and submit such question to the voters at any other time in the year; and a vote on said question at the regular municipal election, but without the said petition having been filed, would confer no more authority upon such officials to grant liquor licenses than an unauthorized vote upon said question taken on any other day in the year. The election having been held without any authority or jurisdiction on the part of the defendants, the plaintiff had a right to treat such election as an absolute nullity, and the trial court was warranted in granting equitable relief based upon the fact that the election was invalid.

The judgment appealed from is affirmed.

GATES, J. (concurring specially). Without disagreeing with the determination that the election was wholly void, I believe the question as to whether injunction was a proper remedy should be solved on other grounds. I think it unnecessary to make the distinction sought to be made between a petition for an election that is void on its face and one that is void for some latent defect. By the provisions of sections 2858 and 2854, Pol. Code, as amended, it is clearly unlawful for a person having a county license to sell intoxicating liquor unless a license

fee is also paid to, and permit granted by, the city, town, or township, which latter fee must be $200, and may be anywhere up to $600. A license granted by the county is dependent for its validity upon compliance with section 2856, Pol. Code, as amended. A permit from a township is dependent on the license from the county; therefore, if there is no valid election, there is no authority in the county to issue a license, no authority in the township to issue a permit, and no authority in the township treasurer to receive the township fee and issue a receipt. While the granting of a permit by the township board is one of the steps necessary, the last and ultimate step is the payment of the license fee to the treasurer, and the business cannot be transacted until such payment is made.

The plaintiff delayed the bringing of this action until after the township had granted the permit, but he began it before the applicants had paid the license fee to the township treasurer, and he obtained a judgment, restraining the township treasurer from receiving the township license fee from the applicants. In Weatherer v. Herron, 25 S. D. 208, 126 N. W. 244, this court said:

"We are of the opinion that for the same reason any taxpayer or elector might, in a proper case, maintain an injunction proceeding restraining a public officer from the performance of an illegal act."

I think this is one of the proper cases implied in the foregoing quotation. The matter of the sale of intoxicating liquors is a public matter. This plaintiff would not have as speedy a remedy in the ordinary course of law as he would by injunction. 22 Cyc. 769-771. The receiving of the money by the township treasurer would be clearly illegal and the issuance of a receipt therefor would be clearly illegal.

· · I, therefore, think that the judgment should be affirmed in so far as it enjoins the township treasurer from receiving the license money and from issuing a receipt therefor. Inasmuch as the applicants may not engage in the business without paying the license fee, it follows that the portion of the judgment which cancels the license or permit issued by the township board, and which enjoins the applicants from doing business, cannot be prejudicial to any rights of appellants.

The judgment and order appealed from should therefore be affidmed.

SMITH, J., concurs in the views of GATES, J.