KLAUDT, et al., Appellants, v. CITY OF MENNO, et al.,
Respondents

(28 N. W.2d 876.)

(File No. 8947. Opinion filed September 23, 1947.)

**Doyle & Mahoney** and **Eugene C. Mahoney,** all of Sioux Falls, for Appellants.

**W. W. French,** of Yankton, **A. F. Ulmer,** of Menno, and **Benjamin D. Mintener,** of Pierre, for Respondents.

SICKEL, P.J. Plaintiffs are the holders of a dealer's license for the sale of intoxicating liquor in the City of Menno. On March 26, 1947, there was filed in the office of the city auditor a petition for an election on the question of whether the municipality shall procure a license for the sale of intoxicating liquor. The election was held, the vote was canvassed and the majority vote was found to be in the affirmative. The plaintiffs applied to the circuit court for a writ of prohibition to prevent the issuance of a license to the city. Motion by defendants to quash the writ was granted, and plaintiff Klaudt has appealed.

The appellant contends that the petition is insufficient in law, and that the officials of the city were without jurisdiction to hold the election. Respondents do not dispute the requirements of the statutes nor the insufficiency of the petition for election, but contend that these questions do not constitute legal grounds for invalidating the election. Specifically, respondents contend that appellant's objections to the petition are not available to her after the election has been held, the returns canvassed and the results declared by the board; that the writ of prohibition will not lie subsequent to the election and canvass thereof, to arrest the

proceedings of the City of Menno and the Director of Licensing.

■ The question of whether the city shall procure a license for the sale of intoxicating liquor can be determined only at a special election called for that purpose. SDC 5.0233. The petition for such an election, "is the only authority the officials of a city, town, or township have for the holding of such an election, and where there is no petition, or where the petition filed is insufficient in law (which amounts to the same thing as no petition at all), such officials are without any jurisdiction to hold such an election; and such election, if held, together with all proceedings had thereunder or pursuant thereto, are wholly void. Such an election furnishes no authority to the board of county commissioners, a city council, or a township board of supervisors to issue licenses or permits to sell intoxicating liquors." Gooder v. Rudd, 38 S. D. 197, 160 N. W. 808, 809.

■ SDC 5.0233 provides that the form of the petition for a special election under the local option provisions of the law relating to alcoholic beverages shall conform to the laws relating to referred and initiated ordinances, which is SDC 45.1012. That statute requires that each elector signing the petition shall state after his name, his post office address and the date of signing. The petition for the special election in this case set forth the question to be submitted, and it bore the signatures of the requisite number of legal voters residing within the city. It did not state the post office addresses of the signers nor the date of signing. SDC 45.1013 provides that the petition for such an election shall be verified as a petition to initiate a law. The statute dealing with that subject is SDC 55.0405, and it requires, among other things, that the person circulating the petition shall make and attach an affidavit in the form set out in full in the statute. The verification attached to this petition is the one printed for use with party primary nominating petitions, and it does not meet the requirements of the statute referred to above. The petition used in this case was therefore insufficient in law, the officers of the city were without jurisdiction to hold the election, and the election was void.

Whorton v. Bager, 36 S. D. 167, 153 N. W. 961; Gooder v. Rudd, 38 S. D. 197, 160 N. W. 808.

■■ The writ of prohibition arrests the proceedings of any tribunal or board when such proceedings are without, or in excess of, its jurisdiction, power, or the authority conferred by law upon it. SDC 37.4401. Here the Director of Licensing was exceeding his authority in issuing the licenses to the city, and the governing board of the city was exceeding its authority in procuring the licenses for the sale of intoxicating liquor by the city, without a majority vote in the affirmative at a valid election. Plaintiffs were therefore entitled to restrain such unauthorized action, either by writ of prohibition; State ex rel. Cain v. Toomey, 27 S. D. 37, 129 N. W. 563, Ann. Cas. 1913D, 324; State ex rel. Crothers v. Barber, 19 S. D. 1, 101 N. W. 1078; or by injunction, Gooder v. Rudd, 38 S. D. 197, 160 N. W. 808.

■ Respondents cite State ex rel. Jacobson v. Morrison, 63 S. D. 31, 256 N. W. 150; State ex rel. Bakewell v. Hansen, 67 S. D. 499, 294 N. W. 445, in support of their contention that the sufficiency of the petition cannot be questioned after the election. Both of those cases involve the sufficiency of nominating petitions at primary elections. The question was raised after the primary elections had been held, and after certificates of nomination issued. Those cases arose under the provisions of a general primary election law, the provisions of which are ordinarily mandatory if enforcement is sought before election in a direct proceeding for that purpose, but which, with some exceptions not material here, are regarded as directory only, after election. This case arose under a statute authorizing the submission of specific questions to a vote of the people at a special election. The statutory requirements for a sufficient petition were conditions precedent to the right to hold such an election. Failure to file a valid petition rendered the election void, and it was immaterial whether the question was raised before or after the election was held. Gooder v. Rudd, supra.

The judgment is reversed and the cause is remanded with directions to grant the writ of prohibition.