LEWIS, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF BROWN COUNTY, SOUTH DAKOTA, Respondents.

(182 N. W. 311.)

(File No. 4789. Opinion filed March 21, 1921.)

1.  Newspapers—Official Newspaper, Designation by County Board at Statutory Time, Later Void Cancellation of Designation, Order For, Whether Appealable—Statute.

Under Sec. 5886, Code 1919, authorizing an appeal to circuit court "from all decisions of the board of county commissioners upon matters properly before it" an appeal lies only from the board's decisions upon matters properly before it; therefore held, under Laws 1919, Chap. 151, providing that at the first regular meeting in January of each year, it shall be the duty of the board of county commissioners to designate three legal newspapers printed in the county as official newspapers, that where the board at its regular January meeting designated relator's newspaper as one of the official newspapers of the county, and in June of same year without notice to relator it passed a resolution rescinding and cancelling said designation and designating in lieu thereof another newspaper as an official paper from and after date of such action, the board

acted outside of its authority, and no appeal lies from its decision. The board having properly acted at the statutory time, it was without authority to take subsequent action, and the latter was void.

2.  Certiorari—County Board's Subsequent Cancellation of Official Newspaper Designation After Timely Designation Thereof—Whether Appeal, Or Certiorari, The Remedy.

The cancellation of an appointment of an official newspaper by the county board, several months after the designation of said newspaper at the January meeting pursuant to statute, was beyond the board's power; and the fact that the rescinding resolution recited that the newspaper proprietor was dissatisfied with the arrangements for such appointment, furnished no ground for such action; it not being claimed that the proprietor failed or refused to perform all services required by law; hence not appeal (Sec. 5886, Code 1919) but certiorari is the proper remedy for such action.

Appeal from Circuit Court, Brown County.  HON. FRANK ANDERSON, Judge.

Application by Vincent C. Lewis, against the Board of County Commissioners of Brown County, South Dakota, for a writ of certiorari, to review the action of said Board in rescinding and cancelling the designation by it of relator's newspaper as an official County newspaper and appointing in lieu thereof another official newspaper. From such rescinding order, relator appealed to the circuit court; and from the judgment of said court refusing to set aside the rescinding order, relator appeals. Reversed and remanded with directions.

*Amos N. Goodman,* for Appellant.

*R. F. Williamson,* State's Attorney, for Respondents.

(1)   To point one of the opinion, Appellant cited, re finality of original designation of newspaper: Buffalo v. Mackay 15 Hun (N. Y.) 204; Hunter v. Berkley Springs, 47 W. Va. 345.

POLLEY, P. J.  The defendants in this action are the members of the board of county commissioners of Brown county. At the regular January, 1920, meeting said board designated the Brown County Journal as one of the official newspapers of said county for the year 1920. Plaintiff, who is the owner, editor, and publisher of said newspaper, accepted the appointment, and said newspaper, became and was one of the official newspapers of said county and continued to be such until the 2d day of June,

1920, when said board at an adjourned April meeting, without any notice to plaintiff, adopted a resolution as follows:

"Whereas, the Brown County Journal, heretofore designated as one of the county official newspapers has expressed dissatisfaction with said arrangement, be it resolved that the designation of said paper as an official paper be and is rescinded and canceled, and in lieu thereof be it further resolved that the Claremont New Era be and hereby is designated as an official paper from and after the date hereof."

Plaintiff, claiming that the board of county commissioners was without authority to act upon the matter of designating official newspapers or to cancel the designation of plaintiff's paper and fill the vacancy caused by such cancellation at the above named time, sued out by a writ of certiorari from the circuit court of Brown county directing the defendants to certify to said court all proceedings concerning the removal of said Brown County Journal from the office of official paper of said county and the appointment in lieu thereof of the Claremont New Era.

[1, 2] It is contended by respondents that certiorari is not appellant's proper remedy, that the order complained of by appellant is an appealable order, and that therefore certiorari does not lie.

Section 5886, Code 1919, provides that an appeal shall be allowed to the circuit court, by any person aggrieved, "from all decisions of the board of county commissioners upon matters properly before it." This does not allow appeals from all decisions of the board, but only from decisions upon matters properly before it, and it is the contention of appellant that the matter upon which the decision complained of was made was not properly before the board, and therefore is not appealable.

By section 2996, Code 1919, certiorari will lie when inferior tribunals have exceeded their jurisdiction and there is no appeal nor, in the judgment of the court, any other plain, speedy or adequate remedy.

Chapter 151, Laws 1919, provides that—

"At first regular meeting in January of each year it shall be the duty of the Board of County Commissioners to designate three legal newspapers printed in the county as official newspapers. * * * "

There is no provision made for the board to act on the matter of designating official newspapers at any other time than the first regular meeting in January, and it is appellant's contention that the board is without authority to act on such matters at any other time; in other words, that the matter could not be properly before the board at any other time, and that therefore, under the provision of section 5886, an appeal does not lien and certiorari is the only remedy. In this contention appellant is clearly right. Whether the board of county commissioners would have authority to act on the matter of designating official newspapers at a time other than the first regular meeting in January, if for any reason it became necessary to fill a vacancy at any other time, need not be determined in this case. The law prescribes a certain duty for the board to perform and fixes the time when such duty should be performed. This duty had been performed at the time and in the manner specified by law. This left the board without authority to take action on the matter at the time it attempted to rescind the designation of plaintiff's paper, and such attemped recission and designation of the Claremont New Era as an official newspaper was void. 29 Cyc. 696; Hall v. County of Ramsey, 30 Minn. 68, 14 N. W. 263; Finnegan v. Gronerud et al., 63 Minn. 53, 65 N. W. 128, 348. Appellant's paper had been regularly designated as the official newspaper for the period of one year. The statute prescribes certain services to be performed by him and a fixed compensation to be received for such services. It is not claimed that appellant's paper was not a legal newspaper nor that appellant did not in all respects comply with the law. It is true it is recited in the resolution that the appellant was dissatisfied with the arrangement, but this furnished the board no ground for acting upon the matter or for canceling the appointment. It is not being claimed that appellant failed or refused to properly perform all the services required by law, therefore the board had no right to take any action in the matter, and the same was not and could not be properly before the board at the time the action complained of was taken. For this reason the decision is not appealable under the provisions of section 5886, and there being no other plain, speedy, or adequate remedy certiorari is the proper remedy. From this it follows that the attempted rescission and cancellation by the board on the 2d day of

June, 1920, of the designation of appellant's paper as one of the official newspapers of Brown county for the year 1920 was unauthorized and void, and should have been set aside by the circuit court.

The judgment appealed from is reversed, and the case is remanded to the circuit court, with directions to enter judgment in conformity with the views expressed in this opinion.