Jack L. WALKER, Defendant
and Appellant,

v.

BOARD OF COUNTY COMMISSIONERS
FOR BRULE COUNTY, Plaintiff
and Appellee.

No. 13991.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1983.

Decided Aug. 24, 1983.

Steven A. Wise, Dakota Plains Legal Services, Fort Thompson, for defendant and appellant.

Michael E. Sebastian of Miller, Miller & Sebastian, Kimball, for plaintiff and appellee.

MORGAN, Justice.

This action arises from the Brule County Commissioners (Commissioners) terminating Jack Walker's (Walker) employment as Brule County Jailer. Walker brings this appeal from a judgment quashing a writ of certiorari. We affirm.

On September 2, 1980, Commissioners agreed to hire Walker as jailer upon the recommendation of Brule County Sheriff Bailey. On September 29, 1981, at a regular Commissioners' meeting, Walker was advised that Commissioners were not satisfied with his performance and orally notified him that he was to be terminated as jailer. A resolution to that effect was duly adopted by Commissioners and written notice of such action was given to Walker on October 1, 1981. The termination was to be effective November 1, 1981. When Walker refused to vacate the jailer's quarters on November 1, 1981, Commissioners commenced action to evict him. Walker responded by the application for writ of certiorari to the circuit court. A preliminary writ was duly issued by the trial court. Commissioners responded with a motion to quash the writ. The trial court granted Commissioners' motion by a memorandum opinion and findings of fact and conclusions of law. An order quashing the writ was subsequently granted.

In our view, the dispositive issue is whether the trial court erred in quashing the writ of certiorari as improvidently granted. We hold that it did not, and we affirm the decision.

█ Certiorari is an equitable remedy to be granted only in very limited circumstances. It will not lie where petitioner has a plain, speedy and adequate remedy. SDCL 21–31–1.[1]

---

1. SDCL 21–31–1 provides: "A writ of certiorari may be granted by the Supreme and circuit

In this case petitioner had such a remedy. Commissioners had adopted a resolution terminating Walker's job. Walker was duly served with notice of this action of Commissioners. Walker's plain, speedy and adequate remedy at that time was to appeal that action to the circuit court under the provisions of SDCL 7–8–27.[2] *See* SDCL 16–6–10.[3]

The trial court so found when it said:

3. That on September 29, 1981, the County Commissioners of Brule County passed a resolution which stated that the Brule County Jail was not being maintained in a proper manner, that the County Commissioners had never approved of the hiring of Jack Walker, that the Commission give thirty (30) days notice to the Plaintiff to vacate the apartment connected with the Brule County Jail, and that no further payments be made to Plaintiff as jailer.

. . . .

5. That the Plaintiff has sued out a Writ of Certiorari alleging the County Commissioners exceeded their jurisdiction in ordering the Plaintiff to vacate the apartment owned by the County and in dismissing the Plaintiff.

The record clearly supports these findings of fact. Upon the foregoing findings of fact the trial court then concluded, as a matter of law: "That [Walker] had a right of appeal from the decision of the County Commissioners which he has forfeited."

Walker argues that, because Commissioners exceeded their statutory authority in adopting the resolution of September 29, 1981, he was precluded from appealing that decision to circuit court and could only test Commissioners' authority by the writ of certiorari. Walker points to *Lewis v. Board of Com'rs,* 44 S.D. 4, 182 N.W. 311 (1921)

and *State v. Board of Com'rs,* 29 S.D. 358, 137 N.W. 354 (1912), to support this contention. We hold these cases to be distinguishable.

In *Lewis, supra,* this court held that county commissioners violated a specific statutory requirement that county commissioners shall designate official county newspapers only during the month of January when they adopted a resolution revoking such a designation of one paper and filling the vacancy by designating another in June. In *State v. Board of Com'rs, supra,* county commissioners were held to have violated specific statutory requirements that county commissioners may organize city elections only for the purpose to elect city officers, and were without authority to order an election on the sale of intoxicating liquor.

These statutes in *Lewis* and *State v. Board of Com'rs* specifically limited jurisdiction of county commissioners. In contrast, here, the statute in question did not limit jurisdiction but rather conferred general jurisdiction regarding the hiring and firing of deputy sheriffs upon Commissioners. SDCL 7–12–10. Moreover, while the actions of when to select an official county newspaper and for what purpose to call a city election are ministerial duties, we have held that the hiring and firing of deputy sheriffs by county commissioners is discretionary in nature. *See Rosander v. Board of County Com'rs of Butte County,* 336 N.W.2d 160 (S.D.1983). *Lewis* and *State v. Board of Com'rs* are distinguishable and do not apply in the instant case.

Accordingly, we hold that Walker had the right of appeal from Commissioners' decision pursuant to SDCL 7–8–27. We agree with the trial court that Walker's failure to

Courts, when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction, and there is no writ of error or appeal nor, in the judgment of the court, any other plain, speedy, and adequate remedy."

2. SDCL 7–8–27 provides, in pertinent part: "From all decisions of the board of county commissioners upon matters properly before it,

there shall be allowed an appeal to the circuit court by any person aggrieved . . . ."

3. SDCL 16–6–10 provides: "The circuit court has jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction, inferior officers or tribunals, in the cases prescribed by statute."

pursue his remedy at law bars granting the writ of certiorari.

We affirm.

All the Justices concur.