2000 SD 143

Andrew G. RIDLEY, Kimmie D. Ridley, Centennial Prairie Ranch, Inc. and Red Banks Ranch, Inc., Petitioners and Appellants,

v.

LAWRENCE COUNTY COMMISSION, Appellee,

and

Frawley Ranches, Inc., Intervenor Appellee.

Nos. 21386, 21409.

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 2000.

Decided Nov. 21, 2000.

Reed C. Richards of Richards and Richards, Deadwood, SD, Attorneys for petitioners and appellants.

Bruce Outka, Lawrence County Deputy State's Attorney, Deadwood, SD, Commission, Attorney for appellee Lawrence County.

Brad P. Gordon of Fuller, Tellinghuisen, Gordon and Percy, Spearfish, SD, Attorney for intervenor appellee, Frawley Ranches, Inc.

KONENKAMP, Justice

[¶ 1.] By petition for writ of certiorari in circuit court, certain residents and family farm corporations challenged the Lawrence County Commission's approval of zoning changes on the Frawley Ranch. The circuit court dismissed the petition, holding that the exclusive remedy was an appeal under SDCL 7–8–32. We affirm, finding that the Legislature set the method to challenge the decision of a county commission via the appeal process. We also affirm the circuit court's refusal to assess disbursements and attorney fees against the petitioners.

## A.

[¶ 2.] Frawley Ranches, Inc., a domestic corporation, owns approximately 4,000 acres in Lawrence County, South Dakota. In 1998 Frawley began preparations for a Planned Unit Development on 1,000 acres of its property. The development included retail, commercial, recreational, and residential features. The property, however, was zoned A–1 agricultural. Frawley applied for a zoning change and gave notice to the public under SDCL 11–2–29 [1] and to the abutting landowners under SDCL 11–2–28.1.[2]

1. SDCL 11–2–29 provides:
   Upon such filing or upon separate request by the board, the planning commission shall hold at least one public hearing. Notice of the time and place of the hearing shall be given once at least ten days in advance by publication in a legal newspaper of the county. At such public hearing, any person may appear and request or protest the requested change.

   See SL 1999, ch. 65, § 7. For subsequent changes to this section see SL 2000, ch. 69, § 40.

2. SDCL 11–2–28.1 requires an individual landowner who seeks a zoning change to "notify all other abutting landowners by registered or certified mail of the petitioned zoning change at least seven days prior to any public hearing held thereon by the board of county

[¶ 3.] On September 2, 1999, the Lawrence County Planning and Zoning Commission considered Frawley's various rezoning proposals. At this meeting, the petitioners, whose properties adjoin the Frawley Ranch, voiced their objections. They asserted that the project was prohibited by the Lawrence County Comprehensive Plan for development. After hearing from all interested parties, the Zoning Commission recommended approval of the zoning changes, the Conditional Use Permit, and the Planned Unit Development overlay, and recommended denial of the Planned Unit Development portion of the proposal. On October 12, 1999, after further public input and discussion, the Lawrence County Commission voted on and approved each separate rezoning request, the Conditional Use Permit, and the Planned Unit Development overlay contingent upon Lawrence County entering into a development agreement with Frawley. It disapproved the proposed Planned Unit Development for the Suburban Residential Zoning District.

[¶ 4.] Following this decision, the petitioners sought a writ of certiorari in circuit court, requesting that the commission's approval of the proposed development be "reversed and annulled." The circuit court issued an order to show cause, requiring the commission to appear and explain why the court should not issue a writ of certiorari. Frawley was permitted to intervene under SDCL 15–6–24. On November 24, 1999 the court denied the petitioners' request for certiorari, finding that the petitioners' only remedy was to appeal under SDCL Chapter 7–8. The petitioners now appeal. By notice of review, Frawley also appeals, contending that the court erred in denying its motion for disbursements and attorney fees.

### B.

[¶ 5.] The petitioners contend that the circuit court was incorrect in rul-

commissioners." *See* SL 1999, ch. 65, § 6. For subsequent changes in the language of

ing that the only avenue for challenging the commission's decision was an appeal under SDCL Chapter 7–8. Because they allege that the commission exceeded its jurisdiction, the petitioners believe certiorari is proper. To address these arguments, we review the language of both SDCL 21–31–1 and SDCL 7–8–32. Construing a statute entails answering a question of law; thus, we review the circuit court's statutory interpretation *de novo*. *Lucero v. VanWie*, 1999 SD 109, ¶ 6, 598 N.W.2d 893, 895 (citations omitted); *Weger v. Pennington County*, 534 N.W.2d 854, 856 (S.D.1995) (citations omitted).

[¶ 6.] Certiorari is an equitable remedy; it can only be granted when no legal remedy is available. *Wold v. Lawrence County Com'n*, 465 N.W.2d 622, 624 (S.D.1991)(citing *Thies v. Renner*, 78 S.D. 617, 622, 106 N.W.2d 253, 256 (1960)) (further citations omitted). *See also* SDCL 21–31–1 (certiorari may be granted when there is no other "plain, speedy, and adequate remedy.") Here, the petitioners had an adequate remedy at law.

[¶ 7.] In SDCL 7–8–32, our Legislature unequivocally declared the proper method for challenging a decision of a county commission: "Appeal to the circuit court from decisions of the board of county commissioners, as provided in this chapter, is an *exclusive* remedy. Judicial review shall be allowed only as provided in §§ 7–8–27, 7–8–28, 7–8–29, 7–8–30 and 7–8–31." SDCL 7–8–32 (emphasis added). This is the same interpretation we rendered in an earlier case. *See Wold*, 465 N.W.2d at 624 (declaratory judgment action not permitted in light of clear language of SDCL 7–8–31). In *Wold*, we also said that the word "exclusive" should be interpreted in its ordinary sense; thus SDCL 7–8–32 was the petitioners' "sole" avenue for relief. *See Wold*, 465 N.W.2d at 624 (citations omitted). The purpose of this procedural

SDCL 11–2–28.1 see SL 2000, ch. 69, § 39.

restriction is to "strike a proper balance between the necessity of county government to operate in an efficient and orderly fashion and the right of its citizens to pursue injustices in the courts. . . ." *Weger*, 534 N.W.2d at 858.

[¶ 8.] The petitioners seek to evade the Legislature's unambiguous pronouncement and our accordant decisions by emphasizing the last sentence of SDCL 7-8-32. That sentence limits judicial review to the situations described in sections 7-8-27, 7-8-28, 7-8-29, 7-8-30, and 7-8-31. The petitioners contend that they cannot satisfy section 7-8-27 and as such are without an adequate remedy at law. SDCL 7-8-27 provides for an appeal to the circuit court by a "person aggrieved" by a commission ruling where the matter was "properly before" the board. *See* SDCL 7-8-27.

[¶ 9.] The petitioners assert that the Frawley rezoning requests were not properly before the board because the Lawrence County Commission "acted in excess of its jurisdiction." We addressed a similar argument in *Walker v. Board of County Comm'rs for Brule County*, 337 N.W.2d 807 (S.D.1983). There, the petitioner alleged that the matter was not properly before the board because the commissioners exceeded their statutory authority. Therefore, the petitioner claimed he could not appeal under SDCL Chapter 7-8. *Walker*, 337 N.W.2d at 808. Like the petitioner in *Walker*, the petitioners here rely on *Lewis v. Board of Com'rs*, 44 S.D. 4, 182 N.W. 311 (1921), to support their argument. We emphasized in *Walker*, however, that the statute at issue in *Lewis* specifically limited the jurisdiction of the county commission. *Walker*, 337 N.W.2d at 808. On the other hand, the statute in *Walker* conferred general jurisdiction. *Id.* Like the statute in *Walker*, SDCL 11-2-36 grants county commissions wide discretion in the area of zoning. *But see* SL 2000, ch. 69, § 43 (repealing this provision).

[¶ 10.] In essence, the petitioners challenge the propriety of the commis-sion's rezoning approval. They argue that "the Lawrence County Commission failed to follow the Lawrence County Comprehensive Plan and the Zoning Laws. . . ." This does not describe an act in excess of jurisdiction. A challenge to jurisdiction tests the power to make an inquiry, not the correctness of a decision of law or fact. *See Becker v. Pfeifer*, 1999 SD 17, ¶ 15, 588 N.W.2d 913, 918 (citations omitted).

[¶ 11.] Besides claiming that the action was not properly before the commission, the petitioners allege they are not persons aggrieved under SDCL 7-8-27. One is "a person aggrieved" under SDCL 7-8-27 when one "suffer[s] personal or individual grievances, as distinguished from those grievances suffered by taxpayers or the public generally." *Weger*, 534 N.W.2d at 857 (citing *Simpson v. Tobin*, 367 N.W.2d 757, 760 (S.D.1985))(further citations omitted). In *Weger*, the plaintiff also claimed to be entitled to equitable relief as he was not a "person aggrieved." *Weger*, 534 N.W.2d at 857. We refused to accept this argument because SDCL 7-8-27 is not the only avenue for appealing a county commission ruling: there are "two separate and distinct classes of appeal from decisions of the board of county commissioners. . . ." *Id.* (citations omitted). One of these is by a person aggrieved under SDCL 7-8-27, and the other is through the state's attorney under SDCL 7-8-28. The latter section provides:

> Upon written demand of at least fifteen taxpayers of the county, the state's attorney *shall* take an appeal from any action of such board if such action relates to the interests or affairs of the county at large or any portion thereof . . . if he deems it to the interest of the county so to do. . . .

SDCL 7-8-28. This statute allows for a general taxpayer challenge to county commission decisions without the added requirement that the party be "aggrieved." As such, the petitioners could have proceeded under SDCL 7-8-28. In a taxpayer action "where there is a remedy by

appeal, that remedy must be followed, rather than actions in equity or at common law." *Weger*, 534 N.W.2d at 859 (internal quotes and citations omitted). The petition for writ of certiorari was properly dismissed.

### C.

[¶ 12.] Frawley sought to recover its disbursements as the prevailing party in this action. The circuit court denied the request. We review a court's decision on disbursements under an abuse of discretion standard. *Michlitsch v. Meyer*, 1999 SD 69, ¶ 10, 594 N.W.2d 731, 733 (citations omitted). We ask "whether a judicial mind, in view of the law and circumstances, could reasonably have reached the same conclusion." *Id.* (citing *Nelson v. Nelson Cattle Co.*, 513 N.W.2d 900, 906 (S.D.1994))(further citations and internal quotes omitted). A court has the discretion to deny a prevailing party's motion for disbursements under SDCL 15–17–37. *Michlitsch*, 1999 SD 69, ¶ 15, 594 N.W.2d at 734. The petitioners' case was dismissed not on its merits, but for failure to pursue the proper procedure. We conclude that the circuit court did not abuse its discretion in denying Frawley disbursements.

[¶ 13.] In addition to disbursements, Frawley also requested an attorney fee award against the petitioners. Attorney fees may be granted only when such an award is specifically provided by statute. *See* SDCL 15–17–38. Frawley claims that attorney fees are sanctioned under SDCL 15–17–51:

> If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action ... was. dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorney's fees.

In ruling on this motion, the circuit court entered no findings on whether the case was frivolously or maliciously brought. Without findings of fact and conclusions of law on this issue, meaningful appellate review is compromised. *See Michlitsch*, 1999 SD 69, ¶ 20, 594 N.W.2d at 735 (citations omitted); *see also Lee v. Rapid City Area School District*, 526 N.W.2d 738, 742 (S.D.1995)(motion for sanctions under SDCL 15–16–11 was not properly before this Court absent findings of fact and conclusions of law by the circuit court). Despite the absence of findings, however, an "appellate court may decide the appeal without further findings if it feels that it is in a position to do so." *Heikkila v. Carver*, 416 N.W.2d 591, 592 (S.D.1987) (citations omitted).

[¶ 14.] Frawley seeks an award of attorney fees for the petitioners' instigation of a "frivolous" suit under SDCL 15–17–51. A frivolous action exists when "the proponent can present no rational argument based on the evidence or law in support of the claim...." *Michlitsch*, 1999 SD 69, ¶ 19, 594 N.W.2d at 734 (quoting *Hartman v. Wood*, 436 N.W.2d 854, 857 (S.D.1989))(internal quotes omitted). To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling. *See Nygaard v. Continental Resources, Inc.*, 598 N.W.2d 851, 855 (N.D.1999)(interpreting a North Dakota statute) (citations omitted). Simply because a claim or defense is adjudged to be without merit does not mean that it is frivolous. *See Estate of Snover v. Line*, 4 Neb.App. 533, 546 N.W.2d 341, 349 (1996)(defining the term under Nebraska's frivolous pleadings statute). Instead, frivolousness "connotes an improper motive or [a] legal position so wholly without merit as to be ridiculous." *Id.* (citing *Behrens v. American Stores Packing Co.*, 236 Neb. 279, 460 N.W.2d 671, 677 (1990))(internal quotes omitted).

[¶ 15.] Here, the petitioners chose a procedural route, which was indeed without merit. This erroneous choice, however, does not require us to label their case frivolous. "[T]he term frivolous should connote that the legal contention of the

*lawsuit* is utterly implausible and lacks any arguable basis, or at least is characterized by abuse and egregiousness." *Lerch v. Boyer,* 929 F.Supp. 319, 324 (N.D.Ind.1996)(emphasis added). As we stated in analyzing the certiorari issue, the petitioners had the right to appeal the commission's ruling. They simply chose the wrong path. "Any doubt about whether or not a legal position is frivolous or taken in bad faith must be resolved in favor of the party whose legal position is in question." *See Estate of Snover,* 546 N.W.2d at 349 ) (citations omitted). As we cannot characterize this case as "utterly implausible" or as one brought for an "improper motive," we affirm the circuit court's denial of attorney fees. *See Lerch,* 929 F.Supp. at 324; *Estate of Snover,* 546 N.W.2d at 349.

[¶ 16.] Affirmed.

[¶ 17.] MILLER, Chief Justice, and SABERS and GILBERTSON, Justices, concur.

[¶ 18.] AMUNDSON, Justice, deeming himself disqualified, did not participate.