#27293-rev & rem-GAS
**2015 S.D. 94**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

HIGH PLAINS RESOURCES, LLC,                    Applicant and Appellee,

　　　v.

FALL RIVER COUNTY
BOARD OF COMMISSIONERS,
AND SUE GANJE, IN HER
CAPACITY AS FALL RIVER
COUNTY AUDITOR ONLY,                    Respondents and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT A. MANDEL
Judge

* * * *

BRAD P. GORDON
KENNETH E. BARKER
TIMOTHY J. VANDER HEIDE of
Barker Wilson Law Firm, LLP
Belle Fourche, South Dakota                    Attorneys for applicant and
                                               appellee.


JAMES G. SWORD
Fall River County
　State's Attorney
Hot Springs, South Dakota                    Attorneys for respondents and
                                             appellants.

* * * *

ARGUED OCTOBER 7, 2015
OPINION FILED **12/09/15**

#27293

SEVERSON, Justice

[¶1.]     High Plains sought a writ of prohibition. It alleged that the Fall River County Board of Commissioners (Board), acted outside its authority by rescinding Resolution 2014-09, which approved High Plains' proposed petroleum contaminated soil farm. Further, it alleged that a referral of a similar, subsequently enacted Resolution 2014-16 would be of no legal effect. The circuit court agreed and found that High Plains did not have a plain, speedy, and adequate remedy in the course of law. Therefore, it issued a writ setting aside the rescission of Resolution 2014-09 and prohibiting the ballots on the referendum election on the second Resolution 2014-16 from being counted. The Board appeals. We reverse and remand with instructions to quash the writ because High Plains had an alternative remedy through an appeal of the Board's decision to rescind Resolution 2014-09.

## Background

[¶2.]     Keith Andersen of Andersen Engineering contacted the Fall River auditor, Sue Ganje, and asked her to place him on the Board's March 25, 2014 agenda so he could present a resolution to authorize a petroleum contaminated land farm. The item was listed on the agenda as "Keith Andersen, Andersen Engineering – Plat; Review of Resolution for Land Farm General Permit". Anderson did not provide a proposed resolution to Ganje; instead he brought it with him to the March 25, 2014 meeting. At the meeting, Keith Andersen presented the proposed resolution on behalf of High Plains Resources, LLC, and sought approval of a petroleum contaminated soil farm. He needed the Board's approval so High Plains could apply for a permit from the South Dakota Department of Environment

-1-

#27293

and Natural Resources (DENR). An application for a solid waste facility permit must "include a resolution by the governing body of the county in which the facility is to be located approving the proposed facility[,]" and such approval must be "within no more than twenty-four months before the issuance of the new permit[.]" SDCL 34A-6-103. One Commissioner abstained from voting on the resolution due to a conflict, but the remaining members of the Board voted to approve Resolution No. 2014-09, which stated:

> WHEREAS, High Plains Resources, LLC desires to establish a soil landfarm facility for the purpose of solid waste management; and
>
> WHEREAS, Fall River County Board of Commissioners has approved siting the proposed facility, and
>
> WHEREAS, the siting of the proposed facility is not in conflict with any established zoning laws or ordinances; and
>
> WHEREAS, High Plains Resources, LLC will file a solid waste application with the South Dakota Department of Environment and Natural Resources (DENR); and
>
> WHEREAS, DENR will review that application to determine that the facility can be operated within the South Dakota Laws and regulations; and
>
> WHEREAS, the Board of Minerals and Environment will review, modify, approve, or deny the permit if the tentative recommendations and/or conditions of the permit are contested by any interested party; and
>
> WHEREAS, the County Commission of Fall River County is required by South Dakota law SDCL 34A-6-103 to approve of a solid waste facility prior to the issuance of a solid waste permit;
>
> IT IS THEREFORE RESOLVED that the County Commission of Fall River County hereby approves construction and operation of the proposed facility to be operated under the terms of a solid waste permit to be issued by the Board of Minerals and Environment.
>
> Dated at Fall River County, South Dakota this 25th day of March, 2014.

-2-

#27293

The minutes from the meeting, which included the above resolution, were published in the Hot Springs Star on April 1, 2014, and in the Edgemont Tribune on April 2, 2014. Those minutes were also approved unanimously at the Board's next scheduled meeting on April 17, 2014. Resolution No. 2014-09 became effective "on the twentieth day after its completed publication[.]" *See* SDCL 7-18A-8.

[¶3.]     Apparently based on concerns regarding adequate public notice prior to adoption of Resolution 2014-09, the Board rescinded the resolution on June 19, 2014. It was replaced by the similar Resolution No. 2014-16, which provided:

> WHEREAS, High Plains, LLC desires to establish a solid waste facility for a petroleum contaminated soil farm for the purpose of solid waste management; and
>
> WHEREAS, Fall River County Board of Commissioners has approved siting the proposed facility, and
>
> WHEREAS, the siting of the proposed facility is not in conflict with any established zoning laws or ordinances; and
>
> WHEREAS, High Plains Resources, LLC will file a solid waste application with the South Dakota Department of Environment and Natural Resources (DENR); and
>
> WHEREAS, DENR will review that application to determine that the facility can be operated within the South Dakota Laws and regulations; and
>
> WHEREAS, DENR may recommend the approval of the permit with conditions adequate to safeguard the environment; and
>
> WHEREAS, the Board of Mineral and Environment will review, modify, approve, or deny the permit if the tentative recommendations and/or conditions of the permit are contested by any interested party; and
>
> WHEREAS, the County commission of Fall River County is required by South Dakota law SDCL 34A-6-103 to approve of a solid waste facility prior to the issuance of a solid waste permit;
>
> IT IS THEREFORE RESOLVED that the County Commission of Fall River County hereby approves construction and operation of the proposed solid waste facility for a petroleum

-3-

contaminated soil farm to be operated under the terms of a solid waste permit to be issued by the Board of Minerals and Environment and an appropriate bond be required.

Dated at Fall River County, South Dakota this 19th day of June, 2014.

On July 18, 2014, the required number of voters of Fall River County filed a petition for a referendum of Resolution No. 2014-16, thereby suspending its effective date. *See* SDCL 7-18A-8. On August 7, 2014, the Board approved placement of Resolution No. 2014-16 on the November 4, 2014 general election ballot.

[¶4.]     On September 19, 2014, High Plains filed an affidavit and application for a writ of prohibition. High Plains sought a writ that would order the county to desist and refrain from counting the votes cast regarding Resolution No. 2014-16. High Plains asserted that the Board exceeded its authority by rescinding the original resolution, Resolution No. 2014-09. It contended that two conditions under SDCL 34A-6-103 must be met before the Board may rescind approval of a solid waste facility. The rescission must come before DENR issues a permit and then only if the size, purpose, or location of the facility has significantly changed. *See* SDCL 34A-6-103.[1] There was no dispute that DENR had not issued a permit, but

---

1.      SDCL 34A-6-103 provides in full:

> Any application to the Board of Minerals and Environment or the secretary for a new permit or first authorization to operate under a general permit for a facility for the transportation, storage, treatment, or disposal of solid waste or medical waste pursuant to this chapter shall include a resolution by the governing body of the county in which the facility is to be located approving the proposed facility. Approval by the county within no more than twenty-four months before the issuance of the new permit or first authorization by the Board of Minerals and Environment or the secretary is a condition for the issuance of the permit or authorization. Approval granted under this

(continued . . .)

High Plains averred that no change in the size, purpose, or location of the proposed petroleum contaminated soil farm had occurred. The circuit court agreed and granted an alternative writ of prohibition. The writ set aside the rescission of Resolution No. 2014-09 and ordered the county to desist and refrain from counting the votes regarding Resolution No. 2014-16. Finally, the writ ordered that the County show cause at a hearing as to why the circuit court should not absolutely restrain the County from any further proceedings. The circuit court held a hearing on October 31, 2014, and announced that its decision remained the same as prior to the hearing; therefore it would be granting a writ of prohibition. The court did not enter findings of fact, conclusions of law, or its permanent writ at that time.

[¶5.]      The Board subsequently sought special relief from this Court and moved for a stay of the circuit court's alternative writ of prohibition. We granted the motion for stay as to all proceedings in the circuit court until December 1, 2014. However, the stay allowed the circuit court and parties to finalize the findings of fact, conclusions of law, and final writ contemplated at the October 31, 2014 hearing. As the writ was stayed at the request of the County, Resolution No. 2014-16 was on the November election ballot. Inexplicably, despite our stay of the writ of prohibition, which allowed the election to proceed, county officials did not count the votes, and at oral argument the County offered no legal basis for not doing so. *See*

_____

(. . . continued)

        section may only be rescinded by the county before the new permit or first authorization is issued and only if a significant change in the size, purpose, or location of the proposed facility has occurred.

SDCL chapter 12-20 (providing for the return and cavass of votes); SDCL 12-26-28 (criminal offenses relating to election on submitted question).

[¶6.] The circuit court filed its findings of fact and conclusions of law and issued the permanent writ of prohibition on November 21, 2014. It found that no change in the size, purpose, or location of the proposed petroleum contaminated soil farm had occurred. It further found that the rescission of Resolution No. 2014-09 was in excess of the Board's authority and High Plains had no plain, speedy, and adequate remedy in the course of law. On January 12, 2015, we entered an order quashing our previous order, which had granted the motion for stay, and dismissing the Board's application and motion for special relief for lack of jurisdiction.

[¶7.] The County now appeals the permanent writ, contending that: (1) High Plains had a plain, speedy, and adequate remedy in the ordinary course of law that precluded the issuance of a writ of prohibition; (2) open meetings and open records violations occurred that voided the passage of Resolution No. 2014-09; and (3) Resolution No. 2014-09 did not properly set forth the location, purpose, and size of the proposed petroleum contaminated soil farm.

## Standard of Review

[¶8.] "Decisions by a circuit court involving mandamus or prohibition are discretionary; therefore, the standard under which we review a [circuit] court's decision is abuse of discretion." *H & W Contracting, LLC v. City of Watertown*, 2001 S.D. 107, ¶ 24, 633 N.W.2d 167, 175. However, the determination of whether a plain, speedy, and adequate remedy exists at law is a question of law we review de novo. *See McElhaney v. Anderson*, 1999 S.D. 78, ¶ 6, 598 N.W.2d 203, 205.

## Analysis

[¶9.] "The writ of prohibition . . . arrests the proceedings, administrative or judicial, of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person, or are without or in excess of the powers of authority conferred by law upon such tribunal, corporation, board, or person." SDCL 21-30-1. It "may be issued by the Supreme Court and circuit courts, to an inferior tribunal, or to a corporation, board, or person, in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." SDCL 21-30-2. We have explained that a writ of prohibition is an "extraordinary remedy" that will only be issued if an applicant has no plain, speedy, and adequate remedy in the ordinary course of law. *See Apa v. Butler*, 2001 S.D. 147, ¶ 6, 638 N.W.2d 57, 60; *S.D. Bd. of Regents v. Heege*, 428 N.W.2d 535, 537 (S.D. 1988).

[¶10.] Thus, we begin by determining whether High Plains had a plain, speedy, and adequate remedy in the ordinary course of law. The Board asserts that High Plains had a remedy by way of direct appeal of the Board's decision.[2] SDCL 7-8-27 provides a right to appeal "[f]rom all decisions of the board of county commissioners upon matters properly before it . . . by any person aggrieved[.]" High Plains contends that the conditions necessary to rescind the resolution under SDCL 34A-6-103 were not met; therefore, SDCL 7-8-27 does not provide a remedy because

___

2. The Board also contends that a remedy exists in South Dakota's election contest statutes. See SDCL chapter 12-22. Resolution No. 2014-09 was not subject to an election that High Plains could contest, and therefore an election contest could not provide a remedy through which High Plains could challenge its rescission.

rescission of Resolution No. 2014-09 was not a "matter[] properly before" the Board. High Plains relies on *Lewis v. Bd. of Comm'rs of Brown Cty.*, to support its assertion. 44 S.D. 4, 182 N.W. 311 (1921). "In *Lewis* . . . this [C]ourt held that county commissioners violated a specific statutory requirement that county commissioners shall designate official county newspapers only during the month of January when they adopted a resolution revoking such a designation of one paper and filling the vacancy by designating another in June." *Walker v. Bd. of Cty. Comm'rs of Brule Cty.*, 337 N.W.2d 807, 808 (S.D. 1983). The statutory provision at issue in *Lewis* mandated that the county commission designate newspapers "[a]t its first regular meeting in January of each year[.]" *Lewis*, 182 N.W. at 312. No provision allowed the commission to designate official newspapers at any time other than the first meeting. *Id.* Therefore, the statute "specifically limited jurisdiction of [the] county commissioners." *Walker*, 337 N.W.2d at 808.

[¶11.] Unlike *Lewis*, the statute at issue here does not restrict the time during which the Board must consider rescission of a resolution. And the statute does not require that the conditions under SDCL 34A-6-103 be proven to exist before the Board may consider rescission—i.e., that a significant change in the size, purpose, or location of the proposed facility has occurred. The circuit court found that "the rescission of Resolution [No.] 2014-09 was not a matter [that] was properly before the Commission in that the [m]otion to rescind the resolution was beyond and outside of the authority of the Commission as limited by SDCL 34A-6-103." Such a position conflates deliberation of the matter and final action. If we were to agree with High Plains' position, the Board would be acting improperly if it

considered and subsequently rejected a proposed rescission based on a determination that a significant change had *not* occurred. It has authority to rescind county approval of the solid waste facility when the two conditions under SDCL 34A-6-103 are met. The Board must be allowed to deliberate whether those conditions have been met. Thus, consideration of the issue was not in excess of the Board's jurisdiction.

[¶12.]    Under SDCL 7-8-27, High Plains had a right to appeal the Board's decision to rescind Resolution No. 2014-09. This right to appeal is a plain, speedy, and adequate remedy in the ordinary course of law. Yet High Plains did not appeal the Board's decision within the statutory time and the rescission of Resolution 2014-09 became effective 20 days after publication. *See* SDCL 7-8-29; SDCL 7-18A-8. Because rescission was a matter properly before the Board and an appeal pursuant to SDCL 7-8-27 provided a plain, speedy, and adequate remedy in the ordinary course of law, the court erred by granting the writ of prohibition based on the Board's allegedly improper rescission.[3]

[¶13.]    Since rescission of Resolution No. 2014-09 was not appealed, we do not reach the question whether the rescission was in compliance with the statutory

---

3.    Although the Board contends that the existence of a separate, pending appeal in circuit court by High Plains also indicates an adequate remedy at law, the pending appeal does not address the Board's separate decision to rescind Resolution No. 2014-09. It only "appeals and challenges as factually unsupported and legally defective Defendant's decision to permit the referral of Resolution [No.] 2014-16." The rescission of Resolution No. 2014-09, adoption of Resolution No. 2014-16, and referral of Resolution No. 2014-16 were separate actions by the Board based on separate motions as reflected in the Board's minutes. Thus, we do not use the pending appeal's existence as evidence of a remedy at law for the act of rescinding Resolution No. 2014-09.

conditions in SDCL 34A-6-103. Because Resolution No. 2014-09 is no longer in effect, the court erred when it determined that the referral of Resolution No. 2014-16 would have "no legal force or effect." Therefore, the circuit court erred in ordering that the Fall River County Board of Commissioners and County Auditor be restrained from counting or otherwise tabulating the votes cast in the November 4, 2014 referendum election concerning Resolution No. 2014-16.

[¶14.] The Board urges us to determine whether a violation of open election meetings and open records law occurred and whether that voided the passage of Resolution No. 2014-09. It further contends that Resolution No. 2014-09 did not properly set forth the location, purpose, and size of the proposed facility and therefore SDCL 34A-6-103 does not require a change before the Board may rescind prior approval. The Board argues that consideration of these issues is necessitated by High Plains' assertion that Resolution No. 2014-09 cannot be rescinded by the County. These issues are rendered moot by the rescission of Resolution No. 2014-09. Since the rescission was not appealed, Resolution No. 2014-09 is no longer in effect.

## Conclusion

[¶15.] The Board's action in considering the rescission of Resolution No. 2014-09 did not exceed its jurisdiction. As to whether the Board complied with SDCL 34A-6-103 or exceeded its powers when it rescinded Resolution No. 2014-09, High Plains had an alternative remedy through an appeal to the circuit court. The existence of such a remedy precluded the "extraordinary remedy" of a writ of

#27293

prohibition.  As a result, we reverse and remand to the circuit court with instruction to quash the writ.

[¶16.]        GILBERTSON, Chief Justice, and ZINTER, WILBUR, and KERN, Justices, concur.